## Trego *v.* Honeybrook Borough, Appellant.

*Negligence—Boroughs—Obstruction in street—Independent contractor.*

Property owners engaged in paving and curbing the sidewalk in front of their respective properties, in obedience to the requirements of an ordinance, are not contractors exercising an independent employment over which the borough authorities have no control.

Where such improvements are being made pursuant to ordinance and by direction of the borough authorities, the latter are not thereby relieved from the duty of seeing that the street or streets on which the work is being done are kept in a condition that is reasonably safe for public travel.

In such a case where a large stump is taken out of the sidewalk and rolled into the street several feet outside of the curb, and is permitted to lie there ten days or two weeks, without a light or anything to warn travelers at night of its position, and a person is injured thereby, the borough is liable in damages for the injury.

Argued Feb. 6, 1894.    Appeal, No. 58, July T., 1893, by defendant, from judgment of C. P. Chester Co., Jan. T., 1893,

No. 14, on verdict for plaintiff, Horace Trego.  Before STER-
RETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ.  Af-
firmed.

Trespass for personal injuries.   Before HEMPHILL, J.

At the trial it appeared that in 1892 an ordinance of the bor-
ough of Honeybrook was passed, directing the owners of prop-
erty abutting on Main street to pave and curb the sidewalks in
front of their properties.   During the progress of the work,
one Mrs. Lewis had occasion to cut down a large tree standing
in the line of the sidewalk, in front of her premises, and in re-
moving the same she dug out the stump and rolled it into the
public street, about nine or ten feet beyond the curb, and im-
mediately in the line of public travel.   The stump, according
to the testimony of the witnesses, was about six feet in diame-
ter at the roots, and six or seven feet long, weighing more than
a ton, and was permitted to occupy the street about ten days or
two weeks, until the night of July 22, 1892, when plaintiff, in
driving along the street with his horse and buggy, came in con-
tact with the stump, overturning his wagon, which caused his
horse to run away, injuring itself and plaintiff, and demolish-
ing the wagon.

Defendant's points were as follows :

" 1.  If the jury find that the injuries resulted to the plaintiff
by reason of an obstruction in the street, placed or permitted
to be there by the negligence of a person who was performing
lawful work, and over whom the borough had no control, the
plaintiff cannot recover.   *Answer :* That point I affirm with
this qualification : Unless the obstruction was allowed to remain
in the street unnecessarily and for an unreasonable length of
time, or for such a length of time that the borough authorities
had knowledge, or are presumed to have had knowledge of its
unreasonable and unnecessary existence and neglected to re-
move it or have it removed." [1]

" 2.  If the jury find that the injury resulted to the plaintiff
by reason of an obstruction in the street, placed or permitted
to be there by the negligence of a person who was performing
a lawful work, and over whom the borough had no control, the
plaintiff cannot recover even though the jury should find that
the defendant had or might have had knowledge of the obstruc-

tion.    *Answer:* That is affirmed with this qualification: Unless the obstruction was allowed to remain there for an unnecessary length of time." [2]

Verdict and judgment for plaintiff for $180.

*Errors assigned* were (1–2) instructions, quoting them.

*J. Frank E. Hause, R. Jones Monaghan* with him, for appellant, cited: Painter v. Pittsburgh, 46 Pa. 213; Allen v. Willard, 57 Pa. 374; Reed v. Allegheny, 79 Pa. 300; Wray v. Evans, 80 Pa. 102; Erie v. Caulkins, 85 Pa. 247; Harrison v. Collins, 86 Pa. 153; School Dist. v. Fuess, 98 Pa. 600; Smith v. Simons, 103 Pa. 32; Edmundson v. R. R., 111 Pa. 316; Susquehanna Depot v. Simons, 112 Pa. 384; Ry. v. Henrice, 92 Pa. 434; Douglass v. Mitchell's Exr., 35 Pa. 446.

*C. Wesley Talbot,* for appellee, not heard, cited: Act of April 3, 1851, P. L. 321; Mahanoy Township v. Scholly, 4 W. N. 134; Erie v. Schwingle, 22 Pa. 384; Carlisle Borough v. Brisbane, 113 Pa. 544; Wharton on Neg., 2d ed., 976; Chicago v. Brophy, 79 Ill., 277; McNerney v. Reading City, 150 Pa. 611.

PER CURIAM, February 26, 1894:

It is a mistake to assume, as appears to have been done by defendant in this case, that property owners, who—by direction of the borough authorities and in obedience to the requirements of an ordinance for that purpose—are engaged in paving and curbing the sidewalk in front of their respective properties, are, in any proper sense, contractors exercising an independent employment over which said authorities have no control. The well recognized principle of Painter v. Pittsburgh, 46 Pa. 213, Reed v. Allegheny City, 79 Pa. 300, and that line of authorities, has no application to such cases. Defendant's points for charge, recited in the specifications of error, might therefore have been refused. The qualified affirmances of said points, now complained of, were more favorable to the defendant than it was entitled to. Where such improvements are being made, pursuant to ordinance and by direction of the borough authorities, the latter are not thereby relieved from the duty of seeing

that the street or streets on which the work is being done are kept in a condition that is reasonably safe for public travel. The testimony in this case was quite sufficient to justify the jury in finding, as they did, that the defendant corporation was negligent in that regard, and therefore liable to the plaintiff for the injury· he sustained in consequence thereof. The large stump, taken out of the sidewalk and rolled into the street several feet outside of the curb, was permitted to lie there ten days or two weeks, without a light or anything to warn travelers at night of its position. This was surely gross neglect of duty on the part of the borough authorities, and it is no excuse to say that in the circumstances they had no power to abate the nuisance.

Judgment affirmed.