172      407
19 SC ¹652

# Alexander Frazier *v.* Butler Borough, Appellant.

*Negligence—Boroughs—Supervision of streets—Sidewalks—Change of grade.*

Where the borough cuts down the grade of a street so that excavations to the depth of two to five feet are necessary to make the sidewalks conform to the new grade, the borough authorities are bound to exercise close supervision and watchfulness of the conduct of property owners in constructing new sidewalks, so as to protect the traveling public from danger.

*Negligence—Boroughs—Obstruction for purpose of improvements—Question for jury.*

The temporary obstruction of the public streets for purposes of improvement, if a reasonable necessity exists therefor, is not unlawful, and the municipality is not answerable in damages for permitting such obstruction ; but whether this obstruction is reasonably necessary, is a question of fact for the jury.

*Negligence—Boroughs—Notice to borough—Knowledge of councilmen.*

Knowledge by a member of councils of a borough of a nuisance is not of itself notice to the borough ; express notice given to a councilman, where the duty of supervising streets rests with the borough council, if given to the councilman in his official capacity, is notice to the body of which he is a member ; but his knowledge and acts as an individual are not notice to the municipality of which he is an official representative.

Where a lot owner in a borough, who is also a councilman, employs a contractor to construct a sidewalk in front of his premises, and the contractor negligently leaves an obstruction in the street by which a person is injured, the owner's knowledge of the obstruction is not notice to the borough council of which he is a member.

Argued Oct. 21, 1895. Appeal, No. 123, Oct. T., 1895, by defendant, from judgment of C. P. Butler County, Dec. T., 1892, No. 33, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before LONGENECKER, P. J., specially presiding.

The facts appear by the opinion of the Supreme Court.

The court charged in part as follows :

[Now, that (changing the grade of pavements) was such an improvement as must have been anticipated by the borough authorities.  Having cut down the street proper to a depth

of several feet below its former grade, it followed as a matter of necessity that the pavements must be lowered so as to adjust them to the street. The borough authorities must have known that. And it was their duty when that improvement was in progress to keep an eye upon it and note the manner in which it was done, providing the citizens in doing it occupied any portion of the driveway in making such improvements.] [1]

[Now, in making the improvement in this case, was it necessary to place the pile of rubbish complained of upon the streets? And was it necessary that it should remain there for a day or several days at a time? We refer it to you to say whether or not, under all the circumstances, in view of all the testimony which was submitted in this case, there was such necessity. We cannot pass upon it as matter of law; we leave it to you to judge whether it was reasonably necessary that that should be done. If so, then they had the right to occupy the street for such purposes.] [2]

Plaintiff's point among others was:

3. That if Peter Schenck, a member of the town council, had knowledge of this obstruction, it visits notice on the municipal authorities. *Answer:* In the absence of any evidence showing that the care of the streets had been committed to particular members of the town council, every member thereof must be taken as the agent of the borough. For that purpose a notice to a member must be regarded as notice to the body to which he belonged. It does not appear how frequently borough council met, and it would be intolerable to hold that the obstruction must be permitted to continue until the body could be assembled in an official meeting. [3]

Defendant's points, among others, were as follows:

2. No express notice of the obstruction which caused the accident having been given to the borough officials, and it not having been shown that the obstruction was notorious, or had existed for so long a time as to become generally known to the public, there can be no recovery in this case, and the verdict should be for defendant. *Answer:* We decline to affirm this point. Though, if you should conclude that the particular pile of rubbish on which the plaintiff was injured had not been on the street over a day or two, if you find that others of a similar character had previously from time to time occupied substan-

tially the same place, so that the one complained of was but a later one of a series of such obstructions, the municipality may be affected with notice, if, considering the extent of travel upon Jefferson street, the demands of the public thereon, and the period of time over which such obstructions extended, and in view of the law already stated as to the duties of the borough officers in this behalf, you think they should, in the exercise of reasonable diligence, have known of the obstructions. [4]

3. The owners of the abutting properties had the right to use the street for the purpose of doing the work they were engaged in doing. The use of the street was not a nuisance per se. While they were engaged in doing the work it was their duty to so conduct it that no injury would happen to others, and if they did not do so, they would be liable to those injured, but the borough would not be. The undisputed evidence in the case showing that the accident occurred while the work was being done, and that the particular obstruction had not existed for any definite length of time, there can be no recovery in this case, and the verdict should be for the defendant. *Answer:* This point is refused. The statement of the law expressed in the first part of it is correct; but it does not, however, follow that because the abutting property owners may be liable, that the municipality is exempt from liability. In answer to the latter proposition, we refer you to our answer to the preceding point and to our general charge. [5]

4. Under all the facts the verdict should be for the defendant. *Answer:* After what we have already said, it follows that this point must be refused. [6]

Verdict and judgment for plaintiff for $800. Defendant appealed.

*Errors assigned* were, (1–6) above instructions, quoting them.

*T. C. Campbell, W. A. Forquer,* borough solicitor, with him, for appellant.—Pennsylvania cases giving instances where streets may be lawfully used by private individuals for their own purposes are as follows: Throwing fuel on, to be transported to house; stones, brick, lime, sand and other building materials; goods of merchant before removal to store: Com. v. Passmore,

1 S. & R. 217; water pipes, digging for; drains, branch pipes to connect with gas mains; telegraphic lines; signs, awnings and hitching posts; vaults and vault gratings: Borough of West Chester v. Apple, 35 Pa. 284; building materials: Mallory v. Griffey, 85 Pa. 275; laying water pipes; building materials; occupation by merchant with his goods; building vaults; private drains connecting with sewers or gutters; door steps: Smith v. Simmons, 103 Pa. 32; sewers, water or gas pipes: Susquehanna Depot v. Simmons, 112 Pa. 384; drain pipe: Wood v. McGrath, 150 Pa. 451.

The rule is laid down: That where the excavation (or obstruction) is a nuisance per se, the municipality would be liable for an accident happening thereby; for in that event the public authorities are bound to abate it as soon as they have knowledge of the obstruction; but where it is not a nuisance, but lawful, the municipality is not liable: Susquehanna Depot v. Simmons, 112 Pa. 384; West Chester Borough v. Apple, 35 Pa. 284.

An abutting owner on a public street has a right to use temporarily a reasonable portion thereof for the deposit of mortar boxes, etc., while necessarily used in plastering his house: Loberg v. Town of Amherst, 87 Wis. 634.

Where, however, the work, though lawful, has been finished by those doing it, and the street has been left in a dangerous condition, the municipality is liable if there is actual notice or if the danger has existed so long that they should have notice: City v. Smith, 23 W. N. C. 242; Springer v. City, 22 W. N. C. 132; Hanson v. Borough, 22 W. N. C. 133; Eby v. Lebanon Co., 166 Pa. 632.

There is no evidence that Schenck who was a councilman had notice on the evening of the accident that no lights were out. The evidence is the other way; but admitting that he knew, that he had actual notice, it would still not be notice to the borough. Where one acts in a representative capacity upon one side and is personally interested on the other his knowledge as an individual is not notice to the body for which he is acting: Boggs v. Bank, 7 W. & S. 331; Wilson v. Bank, 7 Atl. 145; Lohr v. Borough, 156 Pa. 246; City v. Smith, 23 W. N. C. 242; Springer v. City, 22 W. N. C. 132; Hanson v. Boro., 22 W. N. C. 133.

*S. F. Bowser, Everett L. Ralston* and *John B. Greer* with him, for appellee.—It is the duty of a municipal corporation, having the exclusive care and control of its streets, to see that they are kept in condition that is safe for the passage of persons and property: Brookville Borough v. Arthurs, 130 Pa. 501; Brookville Borough v. Arthurs, 152 Pa. 334; Gates v. P. R. R., 150 Pa. 50; Burrell Twp. v. Uncapher, 117 Pa. 353; Fritsch v. Allegheny, 91 Pa. 226.

The facts in this case do not bring it within the law of Susquehanna Depot v. Simmons, 112 Pa. 384; Borough of West Chester v. Apple, 35 Pa. 284, or any of the privileged cases cited by the appellant, but clearly exclude it from the application of the law therein laid down. The necessities of these cases made the law to suit the particular facts.

It is the duty of a municipal corporation to maintain the public streets, roads, alleys and bridges over which it has jurisdiction in repair: Trego v. Honeybrook Borough, 160 Pa. 76; Fritsch v. Allegheny, 91 Pa. 226; McLaughlin v. Corry, 77 Pa. 109; Dean v. New Milford Twp., 5 W. & S. 545; McLaughlin v. City of Corry, 77 Pa. 109; Davis v. Corry City, 154 Pa. 598; City of Scranton v. Catterson, 94 Pa. 202.

Notice to a city councilman of a defect in a street of the city is notice to the city, although the councilman is not at the time engaged in an official act: Logansport v. Justice, 39 Am. Rep. 79; Bradford City v. Downs, 126 Pa. 625; Burrell Twp. v. Albert Uncaper, 117 Pa. 353.

OPINION BY MR. JUSTICE DEAN, January 6, 1896:

Peter Schenk and H. Schreideman owned two lots fronting one hundred and ninety-four feet on Jefferson street in Butler borough; the sidewalks were of boards, for which they desired to substitute permanent stone pavement, and accordingly they let the contract for the preparatory grading to Samuel Kidd. The grading was somewhat heavy, being a cut at one end and a fill at the other; the contractor commenced the work on March 16, 1892, and continued it until completed. During the progress of the work, large piles of earth and rubbish were deposited on the street, which last, between the curbs, was twenty-five feet wide; a large part of this earth and rubbish was removed each day, but generally there remained each night a

pile of that taken out, and this had been the case from the 16th of March, the commencement of the work, until the 24th, a period of eight days; but it was not the same that had been taken out the first day; may have been that deposited on the day before; the evidence seemed to show the contractor did not remove the earth and rubbish as fast as it was deposited on the street, the result being it was continuously incumbered with a pile of it, night and day. After dark on the last named date, March 24, the plaintiff was driving with a companion along the street in a buggy, at an ordinary speed, when his wheel struck the pile of rubbish, the buggy was upset, and he was seriously injured; there was no light or watchman to warn travelers of the obstruction. He brought suit for damages, and the jury, under the law announced by the court as applicable to the evidence, awarded him $800. Judgment being entered on the verdict, defendant appeals, assigning six errors. The first is, to the instruction of the court, that as the year before the borough had cut down the grade of the street to a depth of several feet, it must have been known to the authorities that the sidewalks would be cut down to a grade to conform to the street, and it was therefore their duty to see to it that by such work the street was not rendered dangerous, and unnecessarily obstructed. There was no error in this instruction. The streets and highways of boroughs are under the control and supervision of councils; if by municipal legislation, as here, very considerable changes in grade of the driveway or street were made, rendering necessary considerable change in the sidewalks, care, according to the circumstances, required close supervision on part of the borough authorities of the conduct of property owners. It was not the case of a property owner merely replacing an old boardwalk in front of his property with a stone walk, where no other change was necessary, but that of the excavation to the depth of two to five feet for the breadth of the sidewalk of large quantities of earth and rubbish along the driveway of a much used street only twenty-five feet wide.

Clearly, it was the duty of the borough authorities, under such circumstances, to exercise more watchfulness, than under those involving no such danger to the traveling public.

The second assignment is to the instruction on the right of the lot owner to obstruct the street with the rubbish. The

plaintiff alleged the piling of earth on the street was wholly unnecessary; that there was ample room on the owners' lots for the deposit of such material; but that if it was necessary to use the street for this purpose it was not necessary to leave any portion of it over night. The court left it to the jury to say whether, under all the circumstances, it was necessary to use the street as a place of deposit, and whether it was reasonably necessary to leave the material there for a day or several days. In this there was no error, he had already told them the temporary obstruction of the public streets for purposes of improvement, if a reasonable necessity existed therefor, was not unlawful, and the borough was not answerable in damages for permitting such obstruction; but whether this obstruction was reasonably necessary was a question of fact, and this was for the jury to decide.

The third assignment is to the answer of the court to plaintiff's third point. Peter Schenk, one of the improving lot owners, who, through his contract with Kidd, deposited the rubbish, was a member of the borough council; therefore, plaintiff put this point to the court: "That if Peter Schenk, a member of the town council, had knowledge of this obstruction, it visits notice on the municipal authorities." To this the court answered as follows: "In the absence of any evidence showing that the care of the streets had been committed to particular members of the town council, every member thereof must be taken as the agent of the borough. For that purpose a notice to a member must be regarded as notice to the body to which he belonged. It does not appear how frequently borough councils met, and it would be intolerable to hold that the obstruction must be permitted to continue until the body would be assembled in an official meeting." In fact, this was no answer to the point, and if the verdict had been the other way, plaintiff might well have complained of the answer as not responsive to his point. The court was asked to say that if Peter Schenk had knowledge of this obstruction, that was notice to the borough; this involved, first a question of fact, whether he had knowledge; it did not follow, because he had contracted with Kidd to make the excavation, he had knowledge that the contractor was leaving any portion of the material on the street, so as to impede or make dangerous travel; a careful scrutiny of Schenk's

testimony leaves this fact in doubt; but if he had knowledge as a lot owner, was that notice to the borough? Knowledge and notice are not necessarily and not always the same. Undoubtedly if any one had given notice to Schenk, councilman, of the character of the obstruction put upon the street by Kidd, so far as notice to one member of councils would affect the borough, there would have been notice. But whether, as a fact, he had knowledge, the jury was not instructed to find, and whether as matter of law, such knowledge was notice to the borough, the court did not determine. So practically the point was not answered; was not affirmed.

The case, in this particular, really went to the jury on the instructions in the general charge as follows: "The law assumes that after a certain time they shall take notice of obstructions of such a character. That depends upon the circumstances of the case, to be sure, and how long the obstruction may remain upon the street, in order to charge the officers of the borough with notice. We refer you to the rule, hereinbefore laid down with regard to the degree of diligence which the officers are to exercise according to the extent of the use of the street, and other facts which might bring knowledge home to them, and of which they should take notice." The same instruction, in substance, was given in the answer to defendant's second point, thus: "Though if you should conclude the particular pile of rubbish on which the plaintiff was injured had not been on the street over a day or two, if you find that others of a similar character had previously, from time to time, occupied substantially the same place, so that the one complained of was but a later one of a series of such obstructions, the municipality may be affected with notice, if, considering the extent of travel upon Jefferson street, the demands of the public thereon, and the period of time over which such obstruction extended, and in view of the law already stated as to the duties of borough officers in this behalf, you think they should, in the exercise of reasonable diligence, have known of the obstruction."

Considering the whole charge, on the question of notice, the case was clearly and correctly submitted to the jury. They were instructed that they might infer, if from the character of the obstruction it was conspicuous or noticeable, and if it had been long continued, that the borough had notice of it.

But an affirmance of plaintiff's third point would have been error. Knowledge by a member of councils of a nuisance is not of itself notice to the borough; to so hold, would make the borough answerable for every individual violation of municipal law and ordinances by all its members. As this borough does not seem to have had a street committee, commissioner of highways, or other officers to whom was specially confided the duty of supervising the streets, that duty must necessarily be considered as resting with the borough councils as a body; express notice given to any one of these in his official capacity of a violation of borough law would be notice to the body of which he was a member; but his knowledge and acts as an individual are not notice to the municipality of which he is an official representative. Assuming each member to have been an agent of the borough in the supervision of its streets, and the knowledge of the agent to have been the knowledge of his principal, that knowledge must come to him in the course of the transaction of the business of his principal. Here, Schenk's knowledge, if he had such knowledge, came to him as an individual lot owner, engaged in the improvement of his lot; this had no relation to his official duty as councilman; he was performing no duty as a member of that body, but was in fact answerable to it for the manner in which he conducted his improvement as a lot owner. The council could have notified him to stop placing earth unnecessarily on the street, and leaving it there; could have had him arrested for the violation of the borough ordinances prohibiting such obstruction, if he persisted; and this because he was not in that particular business a councilman acting in his official capacity, but was acting as an individual lot owner in violation of the borough law. The case would have been otherwise, had he, as councilman, been superintending and directing the excavation of a street or sidewalk for the borough; under such circumstances, knowledge on his part would have been the knowledge of the principal. And while thus officially acting, he would not have been personally answerable to third parties, but his principal would have been affected with notice of his acts within the scope of his authority, and would have been alone answerable. But in this case his personal responsibility is wholly unimpaired, because his acts were unofficial. To say that because Schenk knew of the unsafe method,

therefore his principal, the borough, knew, would compel us to go further and say, as the borough knew its agent, Schenk, was wrongfully obstructing the street, the agent is not answerable to the principal for any injury caused thereby; this would leave every member of councils free to adopt dangerous methods for the improvement of his own property, and at the same time leave the borough answerable to the general public for the damages consequent upon his acts; that is, the borough would become insurers of its officers against responsibility for individual wrongful acts.

While the court came dangerously near giving the erroneous instruction asked for, it did not in fact give it, and the jury went to their room controlled by the correct instructions in the general charge, and the answer to defendant's second point. Therefore this assignment of error is not sustained.

The fourth and fifth assignments raise in effect the same question as the second and require no further notice.

The sixth is to the refusal of a prayer for peremptory instruction for defendant. The case was clearly one for the jury, and the court could not, without error, have withdrawn it from them. All the assignments of error are overruled, and the judgment is affirmed.