## Canfield *v.* East Stroudsburg Borough, Appellant.

*Negligence—Boroughs—Defective sidewalk.*

When borough authorities direct a material change in a highway they are bound to maintain such a supervision of the work as will protect the public from any danger likely to arise from it.

In an action by a woman against a borough to recover damages for personal injuries sustained by a fall at nighttime at a point where a sidewalk had been raised abruptly between seven and eight inches, the case is for the jury where it appears that the condition of the sidewalk was brought about by a change of grade made by an abutting owner in obedience to a borough ordinance, that the burgess had actual knowledge both of the commencement and the completion of the work, and that the president of the town council observed it during its progress.

*Negligence—Boroughs—Knowledge of officials.*

Whatever the distinction between official and unofficial acts, there is no ground, in either law or fact, for a distinction between the personal knowledge of a borough officer charged with the duties of supervision and his official knowledge. There is no line dividing the physical senses or the intellectual perceptions of the individual from those of the officer. When an officer is bound to act upon knowledge, and the law fixes no channel through which it must reach him in order to impose the duty, the knowledge gained by the individual must be imputed to the officer.

Submitted Jan. 13, 1902. Appeal, No. 50, Jan. T., 1902, by defendant, from judgment of C. P. Monroe Co., Sept. T., 1899, No. 42, on verdict for plaintiff in case of Julia M. Canfield v. Borough of East Stroudsburg. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRAIG, P. J.

At the trial it appeared that plaintiff on the evening of May 26,

1899, fell on a sidewalk in the borough of East Stroudsburg, and sustained the injuries for which suit was brought. At the point where the accident occurred the walk had been raised abruptly six or seven inches in pursuance of the mode of changing a grade directed by a borough ordinance. The case turned largely upon the question of notice to the borough. Defendant presented these points:

1. The borough ordinance for the raising and relaying of the sidewalks on the east side of Cortland street, and the notice to the property owners to relay their walks, together with the fact that David VanVliet, the chief burgess of the defendant borough, was at the place where the Smith pavement was relaid in the morning when the work began, and that Joseph H. Zacharias, a councilman, passed along there during the day while the work was in progress, do not amount to evidence of notice, express or constructive, on the part of the borough of the alleged dangerous condition of the completed sidewalk which caused the injury; and there is no evidence in this case of any notice to the borough authorities having supervision of the streets and sidewalks of the dangerous condition of this sidewalk. *Answer:* We negative that point. [1]

5. Under the whole evidence in the case the plaintiff cannot recover, and the verdict must be for the defendant. *Answer:* That proposition we negative, because if we affirm that we would be obliged to take the case entirely from your consideration. [2]

The court charged in part as follows:

[Now we say to you, gentlemen of the jury, that the law as we understand it in this case, is, that if the burgess had notice of this improvement, or was present while the work was going on, or saw it when it was completed, it was notice to the borough, and if Smith left it in a dangerous condition and the burgess saw it before the accident, and took no precaution to notify travelers of the dangerous condition of the walk, according to the circumstances, and the plaintiff was guilty of no negligence, in the slightest degree, then she may recover.] [4]

[You may take into consideration the condition in which this sidewalk was left by Smith, and you may take into consideration the fact that the burgess was there during the day,

and that Zacharias, one of the councilmen, was there during the day. The further testimony produced by the plaintiff is that VanVliet, the burgess, saw this place at 4 o'clock in the afternoon, because one of the witnesses says that she saw him there; and Mr. VanVliet's own testimony, that at a distance of 120 or 150 feet, before supper time and before the accident, he observed the pavement. Now we say to you that if the burgess before the accident knew of the dangerous condition of that pavement, and the manner in which Smith left it; if he was there and observed it, or if he observed it from the point that he speaks of, 120 feet, it was notice to the borough; the borough was bound to use proper precaution to prevent accidents there by passers along that sidewalk in the nighttime. And you may take into consideration in this regard, as bearing upon the borough's negligence, the question of the lights that were put there. Mr. VanVliet says he put a light there that night after the accident. This is his statement. The statement of the witnesses, however, on the part of the plaintiff was that these lights were put there the next night.] [5]

Verdict and judgment for plaintiff for $590. Defendant appealed.

*Errors assigned* were (1, 2, 4, 5) above instructions, quoting them.

*A. Raiguel Brittain* and *Henry J. Kotz*, for appellant.— There was not sufficient notice to the borough : Frazier v. Butler Borough, 172 Pa. 407 ; Vanderslice v. Philadelphia, 103 Pa. 102; Markle v. Berwick Borough, 142 Pa. 88; 1 Trickett's Penna. Borough Law, 450, sec. 354; Houseman v. Girard Mutual Building & Loan Assn., 81 Pa. 256 ; Lohr v. Philipsburg Borough, 156 Pa. 246 ; Com. v. Diamond Nat. Bank, 9 Pa. Superior Ct. 118; Reed v. Seely, 13 Pa. C. C. Rep. 529.

*Rogers L. Burnett*, for appellee, cited on the question of notice : Frazier v. Butler Borough, 172 Pa. 407 ; Trego v. Honeybrook Boro., 160 Pa. 78 ; Campbell v. City of New York, 172 Pa. 208 ; Lohr v. Philipsburg Boro., 156 Pa. 248 ; Smith v. Boro. East Mauch Chunk, 3 Pa. Superior Ct. 507 ; Fee v. Columbus Borough, 168 Pa. 383 ; Bradford City v. Downs, 126 Pa. 625 ; Platz v. McKean Twp., 178 Pa. 610.

OPINION BY SMITH, J., March 14, 1902:

The condition of the sidewalk which led to the injury complained of by the plaintiff was not due to decay, dilapidation or accident, but resulted from a change of grade, made by an abutting owner in obedience to a borough ordinance. The duty of the borough authorities in the premises was clear. When the proper authorities direct a material change in a highway, they are bound to maintain such a supervision of the work as will protect the public from any danger likely to arise from it: Trego v. Honeybrook Boro., 160 Pa. 76; Frazier v. Butler Boro., 172 Pa. 407. In the case in hand, we need not consider the degree of watchfulness which they should observe, during the period assigned by ordinance for making the change, nor the duty resting on the abutting owner to keep them informed of the progress of the work, or of its completion, should anything not required of him become necessary for the security of the public.. The evidence shows that the burgess had actual knowledge both of the commencement and the completion of the work, and that the president of the town council observed it during its progress. The sidewalk was raised, in front of one lot only, between seven and eight inches. The borough authorities knew that it was being so raised. The danger, after nightfall, at least, arising from the abrupt change of grade at the junction of this portion of the walk and that adjoining, especially to those unacquainted with it, was so obvious that the borough authorities should have foreseen and guarded against it. This could have been done by sloping the approach to the raised portion, guarding it with a suitable barrier, or adequately lighting the spot. The failure to do this was negligence for which the borough must answer.

Whatever the distinction between official and unofficial acts, there is no ground, in either law or fact, for a distinction between the personal knowledge of an officer charged with the duty of supervision and his official knowledge: Platz v. McKean Twp., 178 Pa. 601. There is no line dividing the physical senses or the intellectual perceptions of the individual from those of the officer. When an officer is bound to act upon knowledge, and the law fixes no channel through which it must reach him in order to impose the duty, the knowledge gained by the individual must be imputed to the officer. In the case

in hand, the knowledge of the situation that reached the burgess through personal observation was knowledge upon which he was bound to act officially.

The question of contributory negligence on the part of the plaintiff is not presented in the assignment, except so far as it may be involved in the refusal by the court to direct a verdict for the defendant. From a careful examination of the evidence on this point, it is obvious that the court cannot pronounce on the standard of care, or the plaintiff's observance of it, but that these must be determined by the jury.

Nothing in the assignment of error requires further discussion, and the judgment is affirmed.