# Meyers *v.* Philadelphia, Appellant.

*Negligence—Municipalities—Obstruction in street—Property owner —Independent contractors.*

Property owners engaged in work on a city or borough street in front of their properties in obedience to the requirements of an ordinance are not contractors exercising an independent employment, over whom the municipal authorities have no control.

A municipality may not be responsible for the negligence of an owner of property engaged in work on a street done on notice from it, where the negligence is in the manner of doing the work on the part of the street necessarily occupied for that purpose, but its duty to exercise reasonable supervision of streets thrown open for travel always continues.

Where a city notifies a property owner to reset a curb and the owner enters into a contract with a curb-setter to do the work at a fixed price per foot, and the latter on finishing the work leaves a pile of old curbstones on the cartway, and these stones are allowed to remain in the street for four or five days when their presence causes the overturning of a cab, and the injury of its driver, the latter may maintain an action against the city to recover damages for his injuries.

Argued Jan. 23, 1907.   Appeal, No. 191, Jan. T., 1907, by defendant, from judgment of C. P. No. 5, Phila. Co., June T., 1905, No. 3,107, on verdict for plaintiff in case of Charles G. Meyers v. City of Philadelphia.   Before Mitchell, C. J., Fell, Brown, Mestrezat, Potter, Elkin and Stewart, JJ. Affirmed.

Trespass to recover damages for personal injuries.   Before Martin, P. J.

The facts relating to the accident are stated in the opinion of the Supreme Court.

Verdict for plaintiff for $10,000 on which judgment was entered for $4,000, all above that amount having been remitted.

*Error assigned* was in submitting the case to the jury, and refusing defendant's motion for judgment non obstante veredicto.

*Robert Brannan,* assistant city solicitor, with him *Francis M. McAdams* and *John L. Kinsey,* city solicitor, for appellant. —A curb-setter under contract with a private property owner to reset a curb, is an independent contractor so far as the municipality is concerned: Painter v. The Mayor, etc., of Pittsburg, 46 Pa. 213; Smith v. Simmons, 103 Pa. 32; Boro. of Susquehanna Depot v. Simmons, 112 Pa. 384; Wray v. Evans, 80 Pa. 102; Erie v. Caulkins, 85 Pa. 247; Reed v. Allegheny, 79 Pa. 300; Allen v. Willard, 57 Pa. 374; Heidenwag v. Phila., 168 Pa. 72; Levenite v. Lancaster, 215 Pa. 576.

The case of Eby v. Lebanon County, 166 Pa. 632, seems to be on all fours with the case at bar except that there the county commissioners entered into a contract, while here a property owner made the contract.

*Fred Taylor Pusey,* for appellee, cited: Trego v. Honeybrook Borough, 160 Pa. 76; Koch v. Williamsport, 195 Pa. 488; Davis v. Corry City, 154 Pa. 598; Hookey v. Oakdale Borough, 5 Pa. Superior Ct. 404.

OPINION BY MR. JUSTICE FELL, February 25, 1907:

The city of Philadelphia gave notice to the Monument Cemetery Company to reset the curb on the part of Fifteenth street, about two squares in length, which passes through its grounds. The cemetery company entered into a contract with a curb-setter, who agreed to do the work at a fixed price per foot. He left a pile of old curbstones that were unfit for use on the asphalt pavement between the new curb and the car track. This pile was one foot high and extended into the street two feet from the curb, and on the night of the accident there was no light near it to give notice to persons driving on the street. The plaintiff was the driver of a hansom and ran into the pile of stones at midnight. His cab was overturned and he was injured. The stones had been in the street four or five days before the accident and there was evidence tending to show that the work at this place had been completed for that length of time.

The city seeks to relieve itself of liability on the ground that a municipal corporation is not responsible for an injury caused by the negligence of an independent contractor. But

this principle has no application to the case.   Property owners engaged in work on a city or borough street in front of their properties in obedience to the requirements of an ordinance are not contractors exercising an independent employment, over whom the municipal authorities have no control: Trego v. Honeybrook Borough, 160 Pa. 76.   A municipality may not be responsible for the negligence of an owner of property engaged in work on a street done on notice from it, where the negligence is in the manner of doing the work on the part of the street necessarily occupied for that purpose, but its duty to exercise reasonable supervision of streets thrown open for travel always continues.   The placing of the rejected curbstones in the street was not a part of the work of resetting the curb, but the unauthorized use of the street as a place of storage for material that should have been placed elsewhere or at once removed.   It was allowed to remain there, a menace to travel, during the progress of the work and after its completion and the question of constructive notice to the city was for the jury.

The judgment is affirmed.