Ferrang *v.* Michaels (et al., Appellant).

44

Argued April 14, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Robert Engel,* Assistant City Solicitor, with him *David W. Craig,* City Solicitor, for City of Pittsburgh, appellant.

*James A. McGregor, Jr.,* with him *Reed, Egler, McGregor & Reinstadtler,* for defendant property owner, appellee.

*Aaron Rosenzweig,* with him *Samuel M. Rosenzweig,* for plaintiffs, appellees.

OPINION BY ERVIN, P. J., June 17, 1965:

These two appeals by the City of Pittsburgh, defendant, are from the order of the Court of Common Pleas of Allegheny County dismissing its motion for a new trial.

On August 29, 1960 plaintiff Anna Ferrang was a passenger in a Cadillac sedan driven by plaintiff Fred R. Luck. As the car reached a point in front of premises 2363 Vodeli Street, owned by the defendant, Hazel Michaels, it was struck and pierced by an angle iron

which protruded 24 inches into the roadway from the curb. Plaintiff Ferrang sued the property owner Michaels, original defendant, who joined the City of Pittsburgh and Luck as additional defendants. Luck sued the City of Pittsburgh and the property owner, Michaels.

At the trial before WEISS, J., and a jury, verdicts were returned in favor of Ferrang for $1,000 and for Luck in the amount of $5,000 against the City of Pittsburgh only. In both cases the jury found in favor of the property owner Michaels. Defendant City of Pittsburgh's motions for a new trial were overruled and judgments entered on the verdicts. The city appealed.

The curb had been installed by the city when the street was paved in the year 1927 and was separated from the sidewalk by a 24-inch strip of grass. The curbing had been constructed with the angle iron imbedded in the top. Some of the concrete in the curb disintegrated and the angle iron separated from the concrete in front of the Michaels premises. Plaintiff Luck said he was driving in the street, two feet from the curb, when the bent angle iron flew up and entered his car. Witnesses testified the angle iron came up into the window of the car, made a loop like a horseshoe, broke the glass out of the rear window of the car and inflicted injuries on the plaintiffs. Constructive notice both to the city and the property owner of the dangerous condition was clearly established.

Defendant Michaels admitted ownership of premises 2363 Vodeli St., but denied responsibility for or control of the curbing and steel strip which caused the accident. She also testified that the steel strip "taken up by the car was from the lot next door, not my lot. . . ." The attorney for the property owner read into evidence undenied averments in the owner's complaint against the city that the city controlled the steel nosing strip on the curbing. Plaintiff Luck alleged

control of the curb in both defendants, the city and property owner. Plaintiff Ferrang alleged control of the curb in the property owner.

The city offered in evidence Ordinance No. 161 of 1930 (passed pursuant to the authority conferred by the Act of May 16, 1891, P. L. 75, §11, 53 PS §1891), which ordinance provided: "It shall further be the duty of all owners of property abutting or adjoining streets to maintain all sidewalks, pavements and curbing in proper and safe condition."

The court charged that the property owner is primarily liable and the city secondarily liable for an accident that occurs "in a city sidewalk or curb of said sidewalk," and further that the city was alone liable for defects in the street of which it had notice. The court also affirmed the city's points in both cases that "if you find a verdict against the City . . . you must also find a verdict over in favor of the City of Pittsburgh and against the defendant, Hazel Michaels, in the same amount."

Under the city ordinance, and in general, the property owner has a duty to repair the sidewalk and curb, his liability is primary and that of the city secondary, with a right of recovery over against the property owner by the city: *Fisher v. Phila.*, 112 Pa. Superior Ct. 226, 170 A. 875. A municipality's liability to see that the sidewalk and curb are kept in proper repair by the property owner is secondary, that of the property owner primary: *Wright v. Scranton*, 128 Pa. Superior Ct. 185, 194 A. 10; *Golden v. Phila.*, 162 Pa. Superior Ct. 247, 57 A. 2d 429; *Koerth v. Turtle Creek Boro.*, 355 Pa. 121, 49 A. 2d 398; *Reedy v. Pittsburgh*, 363 Pa. 365, 69 A. 2d 93; *Ignatowicz v. Pittsburgh*, 375 Pa. 352, 100 A. 2d 608. See the example of primary and secondary liability for sidewalk defects, as between the municipality and the property owner, given by Mr. Justice, later Chief Justice, STERN in *Builders Supply Co.*

*v. McCabe,* 366 Pa. 322, 77 A. 2d 368 (1951). Under the evidence in this case the primary and proximate cause of the accident was the failure of the property owner to repair the curb and fix the angle iron. If the angle iron had not come loose from the curb, no injury would have resulted. The fact that the city installed the curb or had joint control over the curb does not relieve the property owner of his primary duty to repair. The court correctly charged as to the primary liability of the property owner for curb and sidewalk defects, with secondary liability over in the city. However, the jury ignored the court's instructions on this point and new trials must be granted as between the city and the property owner. As stated in *Wright v. Scranton,* supra, at page 194: "The jury, however, rendered an inconsistent verdict when they said, in effect, that the city was negligent but that the property owner was not."

There was ample evidence to sustain the verdicts in favor of the plaintiffs against the city and we see no need to disturb the judgments entered in the court below. We do feel, however, that new trials must be granted as to the city and the property owner to determine whether the property owner is liable over to the city. Hazel Michaels, the property owner, in her pleadings denied that she was the owner of the curbing and angle iron or steel strip which caused the plaintiffs' injuries. She also testified as follows: "The one that was taken up by the car was from the lot next door, not my lot. . . ." The jury may have relieved her from liability because of its belief that she was not the owner of the property involved. On the other hand, the jury might have relieved her from liability because under the court's charge it may have felt that there was a primary liability upon the city. We feel that the court's charge in this respect was in error because the proximate cause of the injuries was the

failure to keep the curb in proper repair. Because of this failure the steel strip extended into the highway but this was only incidental to the primary failure to keep the curb in repair. It was not a defect in the street as such.

Judgment in each case for the plaintiff and against the city affirmed. A new trial is granted in each case in which the city shall be plaintiff and the property owner, Hazel Michaels, defendant.

OPINION BY JACOBS, J.:

Since the trial court affirmed the city's points for charge that "if you find a verdict against the City of Pittsburgh, you must also find a verdict over in favor of the City of Pittsburgh and against Hazel Michaels in the same amount", and the jury ignored the charge, I concur with the majority that a new trial is required in which the city shall be plaintiff and the property owner shall be defendant.

It is correct, as President Judge ERVIN points out, that in Pennsylvania it is the primary duty of the property owner to maintain his sidewalk and curb in a safe condition. In every case cited for this proposition a pedestrian was injured[1] and so far as I can discover the doctrine has never been applied where anyone other than a pedestrian was injured. I cannot agree that we should extend our unique doctrine[2] to this case where the occupants of a vehicle were injured while traveling in a public street.

---

[1] In *Golden v. Philadelphia*, 162 Pa. Superior Ct. 247, the city was held *solely* liable for injuries suffered as a result of a sidewalk defect created by the city.

[2] See Annotation in 88 A.L.R. 2d 331-361, where it is stated that it is the generally recognized common-law rule, except in Pennsylvania, that the owner of property abutting on a public sidewalk does not, solely by reason of being an abutter, owe to the public a duty to keep the sidewalk in a safe condition.

This case is not a case involving a pedestrian; nor is it a case involving a sidewalk accident. The question in this case is who has the primary duty to see that curbing is not so defective as to constitute a hazard to drivers of vehicles using the regularly travelled roadway of a public street. I think that the most logical conclusion is that the municipality is primarily responsible.

It is clear that it is the primary duty of the city to keep streets in a condition fit for travel and it is liable for injuries sustained because of its failure to use ordinary care to keep the streets in reasonably safe condition. *Lawrence v. Scranton,* 284 Pa. 215; *Meyers v. Philadelphia,* 217 Pa. 159. See *Erie City v. Schwingle,* 22 Pa. 384, holding the municipality liable when an upset of plaintiff's carriage was caused by a street in poor condition. The municipality is also held primarily liable in cases where the cause of the accident is not the condition of the street itself but rather an obstruction or nuisance allowed to remain on the street. Thus in *Meyers v. Philadelphia,* supra, the municipality was held liable when a property owner resetting his curb left a pile of curbstones which extended into the street two feet from the curb and a carriage driver drove into the pile and was injured. In *Trego v. Honeybrook Borough,* 160 Pa. 76, the borough was held liable where a property owner engaged in paving and curbing his sidewalk removed a large stump from the sidewalk and rolled it into the street several feet from the curb and a horse and buggy came in contact with the stump, injuring the plaintiff. The municipality is liable because of its duty to keep its streets in a travelable condition.

The fact that the ordinance placed the burden of maintaining all sidewalk pavements and curbing in proper and safe condition on the property owner is not decisive. The primary duty of keeping its streets in travelable condition is on the city and when public

safety is concerned this duty cannot be delegated to others. *Lawrence v. Scranton*, supra, at p. 222. If this ordinance is to be construed as shifting to a property owner the liability for an accident that happened to a vehicle in a city street, it should not be allowed to stand. I prefer to construe the ordinance as a method of exercising the power of taxation requiring the property owner to bear the costs of repairs to his sidewalks and curb abutting his property. However, as to injuries suffered by the travelling public while using the city streets, the ordinance cannot validly shift the primary responsibility of the municipality. See *Helz v. Pittsburgh*, 387 Pa. 169.

In summation, I am of the opinion that under the law of Pennsylvania the owner of property abutting on a street owes a primary duty to pedestrians to keep his sidewalk and curb in reasonably safe condition while the municipality owes a primary duty to see that the traveled portion of its streets is safe for vehicular travel. In the case at hand it was the primary duty of the city to exercise supervision of its streets and see that an iron protruding two feet into its street at curb level was removed.

I would reverse and order a new trial in which the city would be plaintiff and the property owner defendant but I would further direct that the trial court charge in accordance with this opinion.

HOFFMAN, J., joins in this opinion.