## Green, Appellant, *v.* Freeport Borough.

Argued November 11, 1970.   Before Wright, P. J., Watkins, Montgomery, Jacobs, Hoffman, Spaulding, and Cercone, JJ.

*James G. Callas,* with him *Callas and Graff,* for appellants.

*William A. Weiler,* with him *Egler, McGregor & Reinstadtler,* for appellee.

*Clyde T. MacVay,* with him *Evans, Ivory & Evans,* for appellee-plaintiff.

OPINION BY JACOBS, J., June 22, 1971:

In this case, a tree grew in the grass plot between the curb and sidewalk in such a manner that a large limb extended over the street at a height of 7 feet 10¾ inches. A furniture van, 10-feet high, was driven into the limb resulting in injuries to the plaintiff, George W. Green, who was a passenger in the truck. A jury found in favor of the plaintiff against both the Borough of Freeport and Paul and Olga Haggerty, the owners of the house and lot in front of which the tree grew. The court below molded the verdict as one against Freeport Borough with a verdict over in favor of the borough against Paul and Olga Haggerty, on the basis that the Haggertys were primarily liable. The Haggertys have appealed, asking for either a new trial or that the jury verdict be permitted to stand.

Admittedly there was an obstruction to vehicular traffic, and, in this appeal, no one questioned the jury's verdict finding both the borough and the abutting owner negligent; the sole issue is whether there is primary and secondary liability or whether there is joint liability.

In holding the adjoining landowner primarily liable, the court below relied on a recent case of this Court: *Ferrang v. Michaels,* 206 Pa. Superior Ct. 43, 211 A. 2d 96 (1965). In that case, part of the iron facing on the curb came loose from the cement and extended into the cartway causing an obstruction which resulted in injury to the occupants of an automobile traveling on the cartway. The jury found the city alone liable. In this Court, six judges sat on the city's

appeal for a new trial: One judge would have affirmed while five judges agreed that a new trial must be granted because the jury failed to follow the court's instructions. Three judges filed an opinion giving their views that the property owner was primarily liable in such a situation, while two judges filed an opinion that the primary liability rested on the city. In *Ferrang,* the judgment of this Court, supported by a majority of the judges, was the decision that a new trial be granted. Neither opinion was supported by a majority of the judges and represents only the reasoning of the judges supporting each opinion and is not a judgment of the Court. See *Butts v. Armor,* 164 Pa. 73, 30 A. 357 (1894). The contents of those opinions cannot be considered binding precedents.

It is true that in Pennsylvania the abutting property owner is under a primary duty to keep *his sidewalk area,* to and including the curb, in a state of reasonable repair and if someone is injured because of a failure to perform that duty the municipality is only secondarily liable. *Ignatowicz v. Pittsburgh,* 375 Pa. 352, 100 A. 2d 608 (1953); *Fisher v. Philadelphia,* 112 Pa. Superior Ct. 226, 170 A. 875 (1934).[1] The duty of keeping the cartway of its streets in travelable condition is on the municipality and it is liable for injuries sustained because of its failure to use ordinary care to keep them in such condition provided it had notice of the defect. *Lawrence v. Scranton,* 284 Pa. 215, 130 A. 428 (1925). No secondary duty is imposed on the adjoining property owner to keep the streets in travelable condition.[2] Since this injury occurred to a member of

---

[1] The writer of this opinion pointed out in *Ferrang v. Michaels,* supra, that this doctrine is unique to Pennsylvania and, until *Ferrang,* had been applied only in cases where pedestrians were injured.

[2] The duty of a municipality to maintain its streets, including the sidewalks, has been established for years by statute and case

the traveling public in the street because of an obstruction to travel, the municipality is liable.[3]  Any liability of the .abutting property owner for an injury occurring in the street does not rest upon the rule that he must maintain his sidewalk area in a state of reasonable repair or upon any rule of secondary liability; it rests upon the principles of ordinary negligence, namely, his duty to maintain his property in a reasonably safe condition so as not to interfere with the traveling public.

In Restatement, Second, Torts, §363(2), it is stated: "A possessor of land in an urban area is subject to liability to persons using a public highway for physical harm resulting from his failure to exercise reasonable care to prevent an unreasonable risk of harm arising from the condition of trees on land near the highway."  Certainly, allowing branches to hang over a street constitutes a "condition of trees."  The jury also found that allowing a limb to hang within 7 feet 10¾ inches of the road surface was an unreasonable obstruction since they were instructed that there could be no recovery unless there was an unreasonable obstruction. Appellants are negligent for failing to exercise reasonable care to prevent harm from arising from the overhanging branches of their trees.  Thus, since both the

---

law. *Dean v. New Milford Township*, 5 W. & S. 545 (1843) ; *McLaughlin v. City of Corry*, 77 Pa. 109 (1875).  Statute and case law later imposed on the abutting owner the primary duty of keeping his sidewalk in repair. *Fisher v. Philadelphia*, supra.  This resulted in the rule of primary and secondary liability between the owner and the municipality.  See *Koerth v. Turtle Creek Borough*, 355 Pa. 121, 49 A. 2d 398 (1946), and cases therein cited.  We can find no statutory or case law imposing any liability on an abutting landowner for the condition of the cartway in front of his house which he did not cause.

[3] Dicta in *Worrilow v. Upper Chichester Township*, 149 Pa. 40, 24 A. 85 (1892), indicates that a governmental authority can be held liable to a member of the traveling public for injuries caused by an overhanging branch.

borough and appellants owed a duty to plaintiff and both breached this duty, joint liability results.

In this case an ordinance of the Borough of Freeport directed an owner of property abutting on any street to keep his trees trimmed to at least 8 feet above the street. This ordinance was cited by the borough in an attempt to place sole liability on appellants. It is no defense, however, because the duty of public safety involved in the care of its streets cannot be delegated by a municipality to others. *Lawrence v. Scranton,* supra, at 222. Nor does the ordinance in itself, as between the parties, indicate an intention to take away the municipality's duty to maintain its streets; it is simply a method of policing its streets and violations are punishable by a $10 fine. See *Helz v. Pittsburgh,* 387 Pa. 169, 127 A. 2d 89 (1956).

The trial judge properly instructed the jury on the duties of the borough and the abutting landowner. The verdict of the jury reflects consideration of those instructions. The court erred in placing primary liability on the abutting owner and molding the verdict. Such error does not require a new trial but will be corrected by the following order:

The judgment of the court below is reversed and it is directed that judgment be entered on the verdict of the jury against the Borough of Freeport and Paul and Olga Haggerty.

WATKINS, J., dissents.