## Dean *against* New Milford Township.

An action on the case will lie against a township to recover damages for an injury sustained by reason of the negligence of the supervisors to keep the road in repair.

**ERROR** to the Common Pleas of *Susquehanna* county.

This was an action on the case, by Thomas Dean against New Milford Township, to recover damages for an injury sustained by the plaintiff in consequence of a public road in said township being out of repair. The proof was that the road was out of repair; by reason of which, the plaintiff's carriage was broken, one of his horses killed and another injured. The only question was, whether the action could be maintained? The court below was of opinion that it could not, and directed a verdict for the defendant.

*Case,* for the plaintiff in error, argued, that although he thought it clear that an action would lie against a supervisor, as it would against any other agent in like circumstances; yet it did not, therefore, follow, that it would not also lie against the principal. A township is a corporation capable of being sued, and it is liable for the negligence of its officers. Act of 13th June 1836, sects. 3, 4; *Cowp.* 86; 2 *Term Rep.* 667; 5 *Serg. & Rawle* 126; 16 *Serg. & Rawle* 286; 7 *Mass.* 169; 9 *Mass.* 237; 15 *Johns.* 250; *Co. Lit.* 56, *a* note, 375; *Fitz. N. B.* 127, note *a.*

*Richards,* contra, contended that the townships, as such, have nothing to do with the public roads; that they have no control over them, nor duties to perform respecting them. The whole subject of making, maintaining and repairing roads, and raising the necessary means for that purpose, by express enactment belongs to the supervisor, who is in no measure answerable to the township for the performance of his duty. How can it be said, that he is the agent of the township? The corporation can take no action upon the subject of making or repairing a road; it cannot say, that it shall, or shall not be done. Shall the township, then, be charged upon the ground of its being the principal, for the negligence of its agent, over whom it had no kind of control? This would be a violation of that principle of law, that a principal is charged because he did not prevent the misfeasance or negligence of his agent.

The opinion of the Court was delivered by

Rogers, J.—An action on the case will lie for an injury sustained by omitting to repair a road. *Russel* v. *The Men of De-*

v. — 69　　　　　　　2 v *

*von*, (2 *T. R.* 671); *Bartlett* v. *Crozier*, (15 *Johns.* 253). In the latter case, the action was brought against the overseers of the highway, and it was held, that wherever an individual has sustained an injury by the misfeasance or nonfeasance of an officer who acts or omits to act, contrary to his duty, the law affords redress by an action on the case adapted to the injury. A suit, therefore, would be well brought against the supervisors, as by the 27th and 28th sections of the Act of the 13th June 1836, the duty of maintaining and repairing roads is thrown upon them. But, although these officers may be liable personally, when the means to repair the road are provided by the township, yet, the question is, whether the defendant is not liable also? In the Act of the 15th April 1834, 3d section, the several townships are made bodies corporate, with the usual power to sue and be sued. They are enabled to take and hold real estate within their respective limits, and also personal property for the benefit of the inhabitants, for such objects and purposes as may be authorized by law, and to make such contracts as may be necessary and proper for the execution of the same objects and purposes. By the 4th section, the corporate powers of the township are to be exercised by the supervisors thereof respectively. And by the 5th section, all suits by a township shall be brought and conducted by the supervisors, and in all suits against a township, the process shall be served upon and defence made by the supervisors. Ample provision is also made for enforcing any judgment which may be rendered against the corporation. In the Act of the 13th June 1836, the 27th and consecutive sections, the duties and powers of the supervisors in relation to public roads and highways are prescribed. The supervisors are also required to keep their accounts of expenditures, to be settled and adjusted by auditors elected by the people, by whom they also are elected.

This slight glance at the different provisions of the Act serves to show that the supervisors, who are elected by the inhabitants and answerable to them, are agents of the corporation; and upon this common principle of principal and agent, the former is liable to a third person for any injury caused by the negligence of the latter. By the 25th section of the Act of the 13th April 1834, the supervisors are required to lay a tax not exceeding one cent in the dollar, without requiring any vote or action of the township. The tax, however, must be paid by the inhabitants, who are bound to furnish the means for making the roads and highways. I cannot, therefore, see that this militates against the position, that they are the agents of the township, with certain duties prescribed for them by law, for which they are answerable in case of neglect. Surely, it does not follow, that because the supervisor may be liable, therefore the township is exempt, any more than in the case of master and servant. The master cannot claim an exemption, because of the responsibility of the servant, for an injury done to a third per-

[Dean v. New Milford Township.]

son. It is said, that the duty of making, maintaining and repairing roads, is not thrown upon the township. But this is a mistake, for the road is their road, the expense of making and repairing it is thrown upon them, not to be sure in their collective capacity, for this would be inconvenient, but by means of the supervisors, who are their chief executive officers. And for the performance of their duties, they are answerable under certain prescribed penalties, and to the township, as well as the person aggrieved. The injury may be done to a stranger, as well as an inhabitant of the township, and to whom is it just that he look for indemnity? Certainly, not exclusively to the officer, whom he may not know, and who may be worthless or insolvent, but to the principal, by default of whose agent he has sustained injury. It is the duty of the inhabitants to elect suitable men to fill the township offices, to keep them within the line of their duty when elected, and for this purpose, they are armed with ample powers for prevention as well as for indemnity in case of neglect. On the ground of expediency, therefore, the law is clearly with the plaintiff.

But, it is not only so on principle, but on authority also. The case of *The Mayor of Lynn* v. *Turner*, (*Cowp*. 86), is in point. It was there held, that case would lie against a corporation for not repairing a creek into which the tide of sea flowed and reflowed. Nor is the case of *Russel* v. *The Men of Devon*, (2 *T. R.* 667), adverse to this. For, although it was ruled that no action will lie by an individual against the inhabitants of a county for an injury sustained in consequence of a county bridge being out of repair, yet the cause was decided, for reasons which, as has been shown, do not exist in this State. 1. That a county was not a corporation, and 2, that there was no county fund out of which satisfaction could be made, and consequently, if damages were recovered against the county, it would have to be levied on one or two individuals, who would have no means of reimbursing themselves. The inference is by no means unreasonable, that had not these reasons existed, the judgment would have been different. The Massachusetts Reports also furnish cases of suits against towns which are corporate bodies, for injuries sustained by a neglect of their officers. 7 *Mass.* 169; 9 *Mass.* 237.

Judgment reversed, and a *venire de novo* awarded.