## Shields *v.* Latrobe-Connellsville Coal & Coke Co., Appellant.

*Public officers—Sheriffs—Compensation for public services—Public policy.*

1. A public officer cannot make a contract for the performance of services in connection with his office, which contemplates and results in private profit to himself; such a contract is contrary to public policy.

2. Where a sheriff was employed by a coal company to furnish special deputies to guard the property of the company during a strike, and it appeared from his own testimony that his contract with the company provided for compensation to himself as well as his actual expenses in furnishing deputies, such contract is contrary to public policy and cannot be enforced.

Argued October 11, 1912. Appeal, No. 87, Oct. T., 1912, by defendant, from judgment of C. P. Westmoreland Co., August T., 1911, No. 93, on verdict for plaintiff in case of John E. Shields v. Latrobe-Connellsville Coal & Coke Co., a corporation. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Assumpsit on an oral contract. Before McCONNELL, J.

The opinion of the Supreme Court states the case.

Verdict for plaintiff by direction for $2,360.76 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in directing a verdict for the plaintiff and refusing to direct a verdict for the defendant.

*Robert W. Smith,* with him *James S. Moorhead,* for appellant, cited: Commonwealth v. Mann, 168 Pa. 290; Kline v. Shannon, 7 S. & R. 377; Overholtzer v. McMichael, 10 Pa. 139; Commonwealth v. Saulsbury, 152

Pa. 554; Commonwealth v. Brown, 23 Pa. Superior Ct. 470; Commonwealth v. Wilson, 30 Pa. Superior Ct. 26; Goodyear v. Brown, 155 Pa. 514; Holt v. Green, 73 Pa. 198; Johnson v. Hulings, 103 Pa. 498; Columbia Bank v. Haldeman, 7 W. & S. 233; Filson v. Himes, 5 Pa. 452; Frazier v. Thompson, 2 W. & S. 235; Yundt v. Roberts, 5 S. & R. 139.

*Charles C. Crowell,* with him *E. E. Robbins* and *A. M. Wyant,* for appellee, cited: McCandless v. Allegheny Bessemer Steel Co., 152 Pa. 139; Clark v. Cook, 14 Pa. Superior Ct. 309; Clark v. Cook, 197 Pa. 643; St. Louis, Iron Mt. & So. Ry. Co. v. Hackett, 58 Ark. 381 (24 So. Repr. 881, 41 Am. St. Rep. 105); Texas & N. O. R. Co. v. Parsons, 109 S. W. Repr. 240; 113 S. W. Repr. 914; Brown v. Godfrey, 33 Vt. 120; Waldron v. Tuttle, 4 N. H. 149; Sullivan v. Utah & N. Ry. Co., 11 Mont. 236 (28 Pac. Repr. 307); Philadelphia v. Wright, 12 Phila. 467; Drexel v. Douglas County, 62 Neb. 862 (87 N. W. Repr. 1053); American Steamship Co. v. Young, 89 Pa. 186; Riley v. Willis, 5 Wharton 145.

OPINION BY MR. JUSTICE MOSCHZISKER, January 13, 1913:

The plaintiff sued in assumpsit to recover a balance alleged to be due by the defendant company under and by virtue of the terms of an oral contract. It appears from the evidence that in June, 1910, the plaintiff, who was the sheriff of Westmoreland County, was requested by the general manager of the defendant coal company to furnish deputies to guard its mines and to protect its employees during a strike which was then in progress. It was agreed that the plaintiff was to receive $4.00 per day for each deputy on duty and was to supply, deputize, arm, equip, oversee and pay the men, and the defendant was to bear the expense of their transportation and maintenance. The parties worked together under this contract for several months, and between June and

December, 1910, the defendant paid the plaintiff $5,673.15. A balance of $4,182.81 was claimed in the original statement, but this was afterwards reduced to $2,360.76 by the allowance of $382.00, and the payment of $1,440.05 which the defendant in its affidavit of defense had acknowledged to be due. At the trial, although the defendant admitted liability to the extent of the money actually expended by the plaintiff, it contended that the above $1,440.05, together with payments theretofore made, liquidated this in full, and that the balance of $2,360.76 claimed by the plaintiff represented illegal personal profits under the contract of which the law would not permit a recovery. The trial judge held that the plaintiff was entitled to the $4.00 a day for each man, as stipulated in the contract, and instructed a verdict for the full amount of $2,360.76; the jury found accordingly, judgment was entered, and the defendant has appealed.

The appellant's position is that, since the contract sued upon contemplated compensation to the plaintiff for his individual services, or a profit over and above his actual expenditures in and about procuring the men deputized by him, it is void as against public policy and cannot be enforced; to which the appellee replies, that the law of Pennsylvania permits such a contract, and cites McCandless v. Allegheny Bessemer Steel Co., 152 Pa. 139, and Clark v. Cook, 197 Pa. 643, affirming 14 Pa. Superior Ct. 309. These authorities may appear to support the appellee, yet when examined it is clear that none of them rules that one occupying the place of a high sheriff is permitted to make a contract of this kind for his personal financial gain. In McCandless v. Steel Co. we allowed a recovery for moneys expended in the employment and subsistence of deputies employed by a sheriff to guard property during a strike, saying (p. 149): "The means resorted to by the plaintiff, so far as the employment, payment and subsistence of the special deputies are concerned.......while......not......re-

quired to be used by him in the proper discharge of his official duties,......were not unlawful, and he had a right to avail himself of them on terms which did not involve anything in the shape of compensation for his own services." No individual compensation or profit was contemplated in any of the cases cited by the appellee, but in the case at bar the sheriff plainly and unequivocally stated that in the price of $4.00 a day per deputy there was a profit for himself, that when the contract was made he expected to make some money out of it and if there had not been a profit in it he would never have put a man on; and herein lies the vice of his position. "Anything that tends clearly to injure......the public morals, the public confidence in the purity of the administration of the law, or to undermine that sense of security of individual rights, whether of personal liberty or private property, which any citizen ought to feel, is against public policy": Goodyear v. Brown, 155 Pa. 514, 518. While the law of this State undoubtedly permits one in the position of a sheriff to get back moneys expended by him under a contract for the employment of special deputies to protect private property in times of disturbance or threatened disturbance, we are firmly of opinion that it would be against public policy to permit a recovery on a contract of this character avowedly made for the purpose of individual benefit and monetary profit to a man occupying the important place of first peace officer of a county, and we have at no time ruled to the contrary.

In reaching the conclusion just stated we have not lost sight of the theory upon which a recovery was allowed in the cases depended upon by the plaintiff, i. e., the recognition of a distinction between undertakings strictly of an official character and those which may be considered as outside the duties of an office, but it must always be kept in mind that the good of the public ofttimes requires a man who accepts high official position to surrender certain personal rights. For instance, even

though not expressly forbidden by statute, it would be against public policy for a judge to practice in his own court, or a district attorney or an assistant district attorney to accept retainers against the Commonwealth. As stated by Mr. Justice WILLIAMS in Goodyear v. Brown, supra (p. 518) : "It does not follow that everything may be done by a public officer that is not forbidden in advance by some act of assembly. Remedies are provided for evils when they are discovered, and rules of law are applied when a necessity arises for their application." The general principles of the common law put the taint of illegality upon dealings of one holding high official position which expose him to undue personal temptation: Goodyear v. Brown, supra p. 522. If individual gain or profit were permitted as the moving cause to an undertaking of the character of the contract in this case, it can readily be seen that a public official with discretionary power might withhold the exercise of that power until the profit reached a desired figure or might refuse to act altogether where there was no profit promised. Public policy not only forbids that a person occupying an office of the nature of sheriff with its manifold powers for protection or oppression, shall be subject to this temptation, but declares contracts for his individual profit such as the one here sued upon malum in se, and the law will in no manner lend itself to aid a recovery thereon.

Had the evidence left it in doubt whether or not a profit to the plaintiff was the moving cause to the contract, that issue would have had to be submitted to the jury, with instructions that even should they find the stipulated price to be more than the plaintiff had actually paid and expended in carrying out the contract, if the figure was fixed with the honest belief that it would cost that much to furnish the deputies, a verdict should be rendered for a sum sufficient to make the plaintiff whole; on the other hand, should they find that the agreement had been made with the idea of individual gain

and that the intent to derive a profit had been the moving cause to the undertaking, then the whole contract would be void as against public policy and there could be no recovery thereon. But since the plaintiff expressly admitted that the contract was entered into with the idea of a profit to himself and that he would not in this or in any other case undertake to furnish special deputies unless there was "something in it for him," there was nothing to submit to the jury and binding instructions should have been given for the defendant.

The assignments of error are sustained, the judgment for the plaintiff is reversed and judgment is here entered for the defendant.