## Kriebel v. Worcester Township, Appellant.

*Negligence—Municipalities—Townships—Roadmasters — Steam rollers—Fires—Contributory negligence—Case for jury.*

1. A township is liable for the negligence of its agents and employees in the same manner as individuals and other municipalities.

2. A roadmaster appointed under Section 6, of the Act of July 22, 1913, P. L. 915, providing for the supervision, construction, maintenance and repair of township roads, is an agent of the township for whose acts the township will be liable.

3. While the absence of a spark arrester on a steam roller is not of itself evidence of negligence, where it appears that steam rollers are not usually provided with spark arresters, although such engines emit sparks, still the lighting of a fire in the engine of a steam roller in close proximity to a building, under certain weather conditions, may amount to negligence, as where there has been no rainfall for a considerable time and a high wind is blowing from the engine in the direction of such building.

4. Where in an action against a township to recover damages for the destruction by fire of plaintiff's barn, it appeared that defendant's roadmaster had stored a steam roller temporarily upon plaintiff's premises, near the barn, and had caused the engine to be fired at a time when a strong wind was blowing, whereby sparks blown from the engine caused the fire complained of, and it further appeared that plaintiff did not see the machine when first placed upon her property and although when she noticed its presence she made no objection, yet she was not familiar with the dangers incident to its operation, nor with the intention of the engineer with regard thereto, the questions of defendant's negligence and plaintiff's contributory negligence were for the jury, and a verdict for plaintiff was sustained.

5. In such case the defendant cannot escape liability on the ground that the act of the roadmaster in placing the roller on plaintiff's property without her permission constituted a trespass outside the scope of his authority, where it appeared that it was customary to leave the roller at or near the highway when, as here, the work was being done some distance from the shed in which the roller was kept when not in use.

Argued Jan. 31, 1916.    Appeal, No. 222, Jan. T., 1915, by defendant, from judgment of C. P. Montgomery Co., Oct. T., 1914, No. 15, on verdict for plaintiff, in case of

Kate L. Kriebel v. The Township of Worcester.    Before
BROWN, C. J., POTTER, STEWART, FRAZER and WALLING,
JJ.    Affirmed.

Trespass to recover damages for the destruction by fire
of plaintiff's barn.    Before SWARTZ, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,700 damages and $.06 costs
and judgment thereon.    Defendants appealed.

*Errors assigned* were answers to points, the refusal of
the court to direct a verdict for defendant and to enter
judgment for defendant n. o. v.

*Nicholas H. Larzelere,* with him *H. Wilson Stahl-
necker, Charles Townley Larzelere* and *Franklin L.
Wright,* for appellant.—The firing of the engine in close
proximity to the barn was not negligence.

The engine was placed on plaintiff's property near the
barn with her consent.

There was no proof that any sparks were ever thrown
by this engine in its usual operation, therefore the charge
of negligence has not been sustained: Jennings v. Penna.
R. R. Co., 93 Pa. 337; American Ice Co. v. Penna. R. R.
Co., 224 Pa. 439.

The plaintiff was guilty of contributory negligence in
permitting the engine to be placed on her property near
her barn.

*Henry M. Brownback,* for appellee.—The defendant
was negligent in placing the engine so close to the plain-
tiff's buildings: Huyett v. Philadelphia & Reading R. R.
Co., 23 Pa. 373; McCully v. Clark & Thaw, 40 Pa. 406.

The township is responsible for the negligent act of its
agents done in the performance of his duties.

OPINION BY MR. JUSTICE FRAZER, May 1, 1916:
This is an action against Worcester Township, Mont-

gomery County, to recover compensation for the destruc-
tion, by fire, of plaintiff's barn caused by sparks thrown
from defendant's steam road roller.    Defendant is a
township of the second class and, under the provisions
of the Act of July 22, 1913, P. L. 915, employed a road-
master to superintend the care and improvement of the
roads of the district within which the fire occurred.    In
May, 1914, the highway abutting on plaintiff's property
was in course of repair, and at the end of the day's work
the roadmaster, with the consent of plaintiff's son, who
was one of his employees engaged in the repair work,
stored the roller on plaintiff's premises within about ten
feet of a wagon shed attached to the barn.    On the morn-
ing of the second day, and while a strong wind was
blowing directly from the engine toward the barn, the
engineer started a fire in the engine to prepare for serv-
ice during the day, and shortly thereafter proceeded to
move the engine to the road.    Almost immediately fol-
lowing its departure from the premises plaintiff's barn
was discovered to be on fire near the place where the ma-
chine had been standing, and was totally destroyed.    The
action of the roadmaster in firing the engine situated as
it was, without taking precautions to guard against dam-
age to the property from fire, is the negligence alleged,
and relied upon, to sustain a recovery.    Following a ver-
dict for plaintiff a motion for judgment for defendant
non obstante veredicto was subsequently made and re-
fused, and from the judgment entered on the verdict de-
fendant appeals.    The case was submitted to the jury
in a careful and elaborate charge with which defendant
has found no fault, the sole matters assigned for error
being the refusal of the court to direct a verdict for de-
fendant, and subsequent refusal to enter judgment non
obstante veredicto.

That the township is liable for the negligence of its
agents and employees in the same manner as individuals
and other municipalities cannot be disputed: Dean v.
New Milford Township, 5 W. & S. 545; Grace v. Stand-

ing Stone Township, 51 Pa. Superior Ct. 399.  Nor can
it be successfully claimed that the roadmaster appointed
under Section 6, of the Act of 1913, and subject at all
times to the direction and control of the supervisors, is
not a township officer or employee.

The evidence establishes as a fact that steam rollers
are not usually provided with spark arresters, and it is
not denied that such engines emit sparks, though not to
such an extent as railroad locomotives and the latter are
ordinarily supplied with such safety contrivances.  Al-
though the absence of a spark arrester is not in itself
evidence of negligence, it may be a factor in determining
whether or not negligence on the part of the owner of
the engine existed under given circumstances.  The
township supervisors, as well as their agents, were bound
to know and guard against the ordinary dangers incident
to the use of a machine of this nature.  The lighting of
a fire in the engine in close proximity to a building, un-
der certain weather conditions, might be a proper and
safe act, while under other conditions such action would
be considered a highly dangerous proceeding.  In a case
like the present where there had been no rain-fall for a
considerable time, and with a high wind blowing from
the engine toward the barn, extra precautions were neces-
sarily required to avoid the danger incident to starting
a fire in the machine while in a position so close to the
barn, especially where, as in this case, the engine was
equipped with a forced draft which caused sparks to
be emitted upon the starting of a new fire, and lacked a
spark arrester attachment.  The engineer admitted the
general practice to be, when the machine was in opera-
tion on the highway, not to add fuel to the fire while
passing buildings.  It further appeared the draft in-
creased with the load of the engine, and, also, that the
existence of a small embankment at the place where the
engine was standing on plaintiff's premises required in-
creased power and draft, and increased the danger
from sparks in moving from the barn to the road.  Un-

der the circumstances the question of defendant's negligence was not one of law to be determined by the court, but for the jury to whom it was properly submitted.

Defendant further argues that the act of the roadmaster in placing the roller on plaintiff's premises was a trespass, and not an act done in the performance of his duty, and consequently defendant is not liable for plaintiff's loss. While it is true the township owned a shed for housing the engine located about two miles distant from plaintiff's farm, it was not the custom to place the roller there at all times at the end of each day's work, for the reason that a steam roller is a cumbersome and slowly moving machine, and to transport it for any considerable distance at the end of the day's work, and return the following morning, means much loss of time. The usual rule, therefore, for storing the roller when not in use, when engaged in work at a distance from the shed, was to leave it at a convenient location along or near the highway. In view of this established practice the township cannot escape liability on the ground that its agent, in temporarily placing the roller on plaintiff's property, committed a trespass outside the scope of his employment with plaintiff's consent.

The question of plaintiff's contributory negligence was also for the jury. She did not see the machine when first placed upon her property, and was not consulted with reference to its being temporarily stored there. While it is true she noticed its presence shortly after its arrival, and made no objections to its remaining on her premises, she did not thereby necessarily assume full responsibility for the results that followed. Not being familiar with the dangers incident to the operation of the machine, and the best method of avoiding them, she was justified in assuming those having it in charge would exercise the reasonable care necessary in its operation to protect her property from danger, as the circumstances and weather conditions required. The same reasoning applies to the argument that her son, in giving

consent to place the engine on the property, acted as the agent of his mother, and that his permission amounted to consent from her.    Even if such assent were given, it did not amount to a license to operate the engine in a negligent or careless manner, or under conditions likely to result in injury to the property.    Whether plaintiff knew and fully appreciated the risk, and should have foreseen the results that followed the placing of the engine on her property, was for the jury, to whom it was submitted in a manner as to which defendant can have no just grounds to either criticize or make complaint. The question whether the fire was actually caused from sparks emitted from the steam roller was also for the jury.    There was ample evidence to warrant their finding in this respect; in fact, no other possible origin has been suggested by defendant.

We find no error in the record, and judgment is affirmed.