## Mostoller v. Somerset Township, Appellant.

*Negligence—Townships—Fire—Spark from traction roller.*

A township is liable for the negligence of its employees in permitting a traction roller to emit sparks so as to burn property.

In an action against a township to recover damages for injury to a farm alleged to have been communicated by sparks from a traction roller used on a public highway near plaintiff's land, a

verdict and judgment for plaintiff will be sustained where the evidence shows that the roller was used on a public highway by defendant's employees on the forenoon of the day when the fire occurred; that the roller was without a spark arrester; that coal was used for fuel; that the roller was propelled along the highway on an ascending grade; that in one place a spark thrown out ignited combustible material along the road; that this fire was extinguished by one of the men operating the machine; that a high wind prevailed; that there was much combustible material on the land adjoining the road; that there was little travel on the highway on this particular forenoon; and that no other cause for the fire was shown.

In such a case it is not error to refuse to submit to the jury the question of plaintiff's contributory negligence, where there is nothing to show that he could have extinguished the fire before it came on to his land.

Argued April 11, 1917. Appeal, No. 85, April T., 1917, by defendant, from judgment of C. P. Somerset Co., Sept. T., 1915, No. 137, on verdict for plaintiff in case of Newton A. Mostoller v. Somerset Township. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for injuries to a farm by fire. Before RUPPEL, P. J.

The facts are stated in the opinion of the Superior Court.

The defendant presented the following points:

3. Plaintiff's own statement being that he saw the fire when 500 or 600 feet away from the roller and its men and that he passed on down the road to his private land, went through the lane to his barn, a distance from the roller of ½ to ¾ mile, unhitched his horses and put them in the barn and without summoning assistance at any time to fight the fire on the adjoining property, contributed by his neglect to the disaster and there can be no recovery because he did not exercise the diligence of a reasonable man.

Answer: The third point is refused without reading. (3)

4. There being no evidence that the township's engine emitted sparks and there being uncontradicted evidence that a long time after the engine passed the Reading Iron Company's property there was no fire there, plaintiff has failed to connect defendant with the fire and cannot recover against defendant.

Answer: That point is refused. The fact that no sparks were emitted, both the witnesses who were called by the plaintiff, Mr. Bender and Mr. Lamberson testified, as I recall it, that they saw no sparks coming from the engine that morning, and there is no evidence in the case that there were any sparks; that is a matter you can consider, and the circumstances, as bearing on the probability as to whether this engine caused the fire; the fact that the two ladies who passed down the road saw no fire some time after the engine had passed there, is a circumstance for you to consider, but it is to be considered in connection with the other evidence in this case. The testimony of Mr. Mostoller is that he passed down the road and did see fire, and the testimony of other witnesses that later there was a fire there; all this is evidence for you to consider. (4)

5. Defendant being a quasi municipal corporation—a township—no recovery can be had against it, as plaintiff has shown neither actual notice to the board of supervisors of the alleged negligence of defendant's employees or such continuance of the practice of alleged negligence as to imply notice to the township.

Answer: That point is refused. Ordinarily, when a township is charged with negligent acts, the plaintiff must carry notice of the negligence before there can be a recovery. For instance, a defect in a public highway, a road gets out of order, a township cannot be held liable for an accident there until they are notified, until some one carries notice to the officials that the defect is there, or unless it was there for such length of time that they ought to have found it out. In this case that question does not arise. The uncontradicted testimony

shows that this engine belonged to the township and the township was operating it, and whether the board of officials knew or did not know there was no spark arrester there, makes no difference in this case.   (5)

Verdict and judgment for plaintiff for $1,000.   Defendant appealed.

*Errors assigned,* amongst others, were (3-5) above instructions quoting them.

*Edmund E. Kiernan,* for appellant.—The jury should not have been allowed to have inferred that the fire was caused by the engine: Nirdlinger v. A. D. T. Co., 245 Pa. 453.

No knowledge was shown of the absence of the spark arrester by the district superintendent of highways, the board of township supervisors or by the roadmaster: North Manheim Twp. v. Arnold, 119 Pa. 380; Moore v. Coal Twp., 56 Pa. Superior Ct. 55.

The highways are not the township's improvements or works; they belong to the State and all the interest of the township in them is the burden of keeping them in repair: Shoe v. Nether Providence Township, 3 Super. 137; Union Twp. v. Gibboney, 94 Pa. 534.

The courts of Pennsylvania now hold that counties are not liable for the negligence of their officials and agents: Williamsport v. Lycoming Co., 34 Pa. Superior Ct. 221; Bucher v. Northumberland Co., 209 Pa. 618.

And the courts hold that school districts are not liable for the negligence of their officials and agents: Ford v. Boro. School District, 121 Pa. 543; Rosenblit v. Philadelphia, 28 Pa. Superior Ct. 587.

The courts have uniformly held that poor districts are not liable for the negligence of their officials and agents: Peasley v. McKean County Poor Dist., 12 D. R. 132.

*J. A. Berkey,* of *Berkey & Shaver,* with him *A. C. & F. A. Holbert,* for appellee.—The evidence was sufficient to

show the cause of the fire: Bousquet's Est., 206 Pa. 534; Hunter v. Penna. R._R. Co., 45 Pa. Superior Ct. 468; Elder Twp. School Dist. v. Penna. R. R. Co., 26 Pa. Superior Ct. 112; Derminer v. N. Y. Cent. & 'H. River R. R. Co., 42 Pa. Superior Ct. 538.

It is the duty of those who use hazardous agencies to control them carefully, to adopt every known safeguard and to avail themselves from time to time of every invention to lessen the danger to others: Frankfort, Etc., Turnpike Co. v. Philadelphia, Etc., R. R. Co., 54 Pa. 345; Henderson v. Philadelphia, Etc., R. R. Co., 144 Pa. 461; Byers v. B. & O. R. R. Co., 222 Pa. 547; Mellinger v. Penna. R. R. Co., 229 Pa. 122.

A township is liable: Howard v. Philadelphia, 250 Pa. 184; Erie City v. Schwingle, 22 Pa. 384; Rapho, Etc., Twp. v. Moore, 68 Pa. 404; McLaughlin v. Corry City, 77 Pa. 109; Platz v. McKean Twp., 178 Pa. 601; Powers v. City of Philadelphia, 18 Pa. Superior Ct. 621; Edwards v. Williamsport, 36 Pa. Superior Ct. 43; Kriebel v. Worcester Twp., 253 Pa. 452.

OPINION BY HENDERSON, J., July 13, 1917:

The plaintiff's action was brought to recover damages for injury to his farm caused by a fire alleged to have been communicated from a traction roller owned by the defendant township and in use on a public highway near the plaintiff's land.    The fire was ignited at the roadside on land adjoining the plaintiff's and was communicated by a continuous burning to the latter's premises.    The roller was propelled along the highway in the forenoon of the day when the' fire occurred and was in charge of an engineer and fireman employed by the supervisors of the township.    Repairs on one of the public roads were in progress and the roller was used in connection with that work.    It is contended by the appellant that the judgment ought not to be sustained because: (1) There is not sufficient evidence to support the allegation that the fire was communicated from the machine; (2) the

plaintiff was chargeable with contributory negligence; (3) a township being a quasi municipal corporation only is not responsible for the negligence of its agents.

The evidence shows that the roller was used without a spark arrester; that coal was used for fuel; that it was propelled along the highway on an ascending grade and that in one place a spark thrown out ignited combustible material along the road. This fire was extinguished by one of the employees operating the machine. No direct evidence was offered that the fire which destroyed the plaintiff's property was ignited by a spark from the roller but the day was dry, a high wind prevailed there was much combustible material on the land adjoining the road, there was little travel on the highway that forenoon and no other cause for the fire was shown. Numerous cases have been sustained where the fire was accounted for on circumstantial evidence, in some of which the proof was not more persuasive than that presented by the plaintiff: Elder Twp. School Dist. v. Penna. R. R. Co., 26 Pa. Superior Ct. 112; Derminer v. N. Y. Cent. & H. River R. R. Co., 42 Pa. Superior Ct. 538. There is no substantial ground for doubt under the evidence that the fire which destroyed the plaintiff's property originated at the roadside on the Reading Iron Company's land and burned continuously across that property to and over part of the plaintiff's premises and the association of circumstances gives support to the plaintiff's allegation that the road machine was the cause of his damage. The evidence shows that the machine had a spark arrester when it was bought but it had been removed in some way not disclosed by the testimony. There was some evidence that a spark arrester should be used on such a machine. We are unable to say under all the circumstances that the plaintiff's case fails for lack of evidence.

The court refused to submit to the jury the question of the contributory negligence of the plaintiff and in this there was no error. After a careful examination of the

evidence we fail to discover any fact from which a jury could be justified in concluding that the plaintiff had done what a man of ordinary care and prudence should not have done under similar circumstances. He was driving his team on his way home when he observed the fire on the Reading Iron Company land and discovered that his property was threatened by the fire. He proceeded immediately to do what he could to prevent the fire from spreading to some buildings which were located at his coal mine and members of his family summoned neighbors to come to his assistance. Nothing in the case supports the assumption that he could have extinguished the fire before it came onto his land.

The learned counsel for the appellant states the main question to be whether a quasi municipal corporation governed under the Act of 1913 is liable for the torts, negligence, malfeasance and misfeasance of its officers, employees and agents. We do not deem it necessary to enter into an examination of the many cases discussing the responsibility and exemption from responsibility of counties and townships in the varying states of fact out of which the cases arose. A township, it is true, has not general corporate capacity but it has certain responsibilities and obligations with respect to which it is competent to contract and act. And within the circumference of these obligations it is liable for the conduct of its officers and employees. The construction and maintenance of township highways is a charge on such municipal districts. The supervisors are required to exercise authority on that subject. They are authorized by the Act of 1913, P. L. 915, to purchase material, machinery, tools and implements necessary for making and repairing roads and bridges and to properly care for them. Having purchased this machine and applied it to township uses in the discharge of a township obligation the negligence of its employees creates a responsibility on the part of the township. The principle here involved is decided in Kriebel v. Worcester Twp., 253

Pa. 452, where it was said that a township is liable for the negligence of its agents and employees in the same manner as individuals and other municipalities. That case was one of a fire communicated to the plaintiff's buildings by a road roller used on the public highway and on that state of facts the court said, "The township supervisors as well as their agents were bound to know and guard against the ordinary dangers incident to the use of a machine of this nature." A high wind was blowing, there had been no rainfall for a considerable time and the responsibility of the township was considered in the light of these pertinent circumstances. Like reasoning applied to the facts of the case before us supports the action of the learned judge of the court below in refusing to give binding instructions for the defendant.

The assignments are overruled and the judgment affirmed.