## Ranck et al. *v.* Robeson Township, Appellant.

*Negligence—Municipalities—Townships—Steam rollers — Fires —Case for jury.*

A township is liable for the negligence of its employees in operating a traction engine in such a manner as to cause damage to adjacent property.

In an action against a township to recover damages for injuries to farm buildings, caused by fire alleged to have been started from

sparks from a steam roller used on a public highway near plaintiff's land, the case is for the jury and a verdict for plaintiff will be sustained, where the evidence shows that the roller was used on a public highway by defendant's employees on the afternoon of the day when the fire occurred; and that within a short time, after passing the property of plaintiff, the roof of a wagon shed was discovered to be on fire; that the roller was propelled along the high- w⁻y on an ascending grade, and that it had no spark arrester or other guard against the emission of sparks.

Although the absence of a spark arrester is not in itself evidence of negligence, it may be a factor in determining whether or not negligence on the part of the owner of the roller existed under given circumstances. The township supervisors, as well as their agents, were bound to know and guard against ordinary dangers incident to the use of a machine of this nature.

Argued November 10, 1919. Appeal, No. 2, October T., 1919, by defendant, from the judgment of C. P. Berks Co., October T., 1918, No. 27, on verdict for plaintiff in case of Clara M. Ranck and the Mutual Fire Insurance Company of Berks County, as Intervening Plaintiff, v. Township of Robeson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for destruction by fire of plaintiff's wagon shed. Before WAGNER, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $879.63 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*Joseph R. Dickinson,* and with him *Lee Friday,* for appellant:—The jury should not have been allowed to have inferred that the fire was caused by the steam roller: Cavanaugh v. Allegheny County Light Co., 226 Pa. 86; Joyce v. Black, 226 Pa. 408; Lanning v. Pitts-

burgh Railways Company, 229 Pa. 575; Henderson et al. v. Phila., etc., R. R., 144 Pa. 461; American Ice Co. v. Penna. R. R. Co., 224 Pa. 439; Knickerbocker Ice Co. v. Penna. R. R. Co., 253 Pa. 54; Oakdale Baking Co. v. P. & R. Ry. Co., 244 Pa. 463.

*Stephen M. Meredith,* for appellee.

OPINION BY LINN, J., December 10, 1919:

Appellee sued to recover a loss by fire alleged to have been caused by the negligent operation of a steam road-roller. The verdict determined that the steam roller was negligently operated.

The single complaint is that the court declined to direct a verdict for defendant, or subsequently to enter judgment non obstante veredicto.

The following are the material facts. Between one and two o'clock in the afternoon of April 20, 1916, a fire of wood and coal was made in a steam roller, which, emitting dense clouds of black smoke, then proceeded on a public highway about half a mile to a point in front of the premises of appellee. The roller was there backed to the side of the highway to hook on to a road scraper belonging to appellant then standing on appellee's land off the highway in an angle formed on one side by appellant's property line and on the other by the side of a shed described in the evidence as a wagon shed, garage and corncrib. This shed projected eastward and abutted on the highway. The roller was on the north side of the shed and about eight feet away; "it was there awhile"; and as one witness said, it stood "kind of slanting toward the shed." After being attached to the road scraper, the roller, while emitting smoke, drew the scraper out of the angle on an ascending grade on to the highway and around the shed on the east and partly around it on the south side, continuing on an ascending grade on a highway leading westward. Within a short time, described by appellee as "about fifteen minutes," after so passing

partly around the shed, "the roof was all afire and coming out of the side of the shed." The roller had no spark arrester, or other guard against the emission of sparks or fire. The wind was from the east, blowing from the roller to the shed, and it was a "pretty windy day."

There was evidence that appellee had burnt some brush about 200 feet to the north of the shed in the morning but the fire in question did not come from that source.

Under the authorities, on such evidence, the learned court could not direct a verdict; apparently the only explanation of the origin of the fire was the operation of this steam roller around the shed. No complaint is made of the charge of the court.

In Kriebel v. Worcester Township, 253 Pa. 452, the Supreme Court said: "The evidence establishes as a fact that steam rollers are not usually provided with spark arresters and it is not denied that such engines emit sparks though not to such an extent as railroad locomotives and the latter are ordinarily supplied with such safety contrivances. Although the absence of a spark arrester is not in itself evidence of negligence, it may be a factor in determining whether or not negligence on the part of the owner of the engine existed under given circumstances. The township supervisors, as well as their agents, were bound to know and guard against ordinary dangers incident to the use of a machine of this nature......"

See also Mosteller v. Somerset Township, 67 Pa. Superior Ct. 403.

We have carefully considered the authorities cited by the learned counsel for appellant, but are unable to sustain the assignments of error. The judgment is affirmed.