# Kindell *v.* Franklin Sugar Refining Co., Appellant.

*Negligence — Unloading ship — Negligence of stevedore — Extraordinary occurrence—Case for jury—Act of God.*

1. In a suit against a company, acting as a stevedore, for the death of an employee of a ship which was being unloaded, where the evidence shows that a guy rope, belonging to defendant, in bad condition, broke at the time of the accident, and defendant claims that an extraordinary lurch of the ship, not due to defendant, caused the death, the case is for the jury, if it appears that the unsound rope was a concurring cause of the accident.

2. He whose negligence joins with an act of God in producing an injury, is liable therefor.

Argued April 21, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SADLER, JJ.

Appeal, No. 186, Jan. T., 1926, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1922, No. 8872, on verdict for plaintiff, in case of Lottie B. Kindell, Executrix of will of David S. Kindell, deceased, v. Franklin Sugar Refining Co. Affirmed.

Trespass for death of plaintiff's husband. Before TAULANE, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,500. Defendant appealed.

*Error assigned* was, inter alia, refusal of defendant's motion for judgment n. o. v., quoting record.

*Charles J. Biddle,* with him *Raymond K. Denworth* and *Dickson, Beitler & McCouch,* for appellant.—Where facts are proved without contradiction by verbal testimony of witnesses called for the defendant, whose veracity there is no reason to doubt, such facts must be taken as proved for the purposes of a motion for judgment n. o. v.: Lonzer v. R. R., 196 Pa. 610; Holland v. Kindregan, 155 Pa. 156; Second National Bank v. Hoffman, 233 Pa. 390; Walters v. Bridge Co., 234 Pa. 7; Timlin v. American Patriots, 249 Pa. 465; Catasauqua National Bank v. Miller, 60 Pa. Superior Ct. 220.

If an event is of such an extraordinary and unusual character that one could not be expected to foresee it, there can be no responsibility attached for failure to make preparations: Siegfried v. Boro., 27 Pa. Superior Ct. 465; Bannon v. R. R., 29 Pa. Superior Ct. 231; Small v. Rys.; 216 Pa. 584.

The mere fact that defendant was negligent is of no consequence if the accident would have resulted none the less: Karchner v. R. R., 218 Pa. 309; Baltimore & Ohio R. R. v. School Dist., 96 Pa. 65; Taylor v. Twp., 30 Pa. Superior Ct. 305; Ott v. Boggs, 219 Pa. 614; Wilson v. Brown, 222 Pa. 364; Commercial Ice Co. v. Ry., 197 Pa. 238.

*W. D. Long,* with him *Harry A. Mackey* and *George C. Klauder,* for appellee.—There was evidence of negligence on the part of defendant for consideration by the jury: Bowser v. L., H. & P. Co., 267 Pa. 483; Smith v.

Car Co., 262 Pa. 550; McMahon v. T. & L. Co., 280 Pa. 199.

The injuries sustained by plaintiff's decedent were the direct result of defendant's negligence.

OPINION BY MR. JUSTICE WALLING, May 10, 1926:

The Paloma, a ship of the Munson Steamship Line, brought to Philadelphia a cargo of sugar in bags for the Franklin Sugar Refining Company, defendant, and while the latter, acting as stevedore, was transferring the cargo from the ship to the dock on March 21, 1922, David S. Kindell was fatally hurt by the fall of a derrick. After bringing this suit, based on the alleged negligence of defendant, Kindell died and his executrix was substituted as plaintiff. The trial resulted in a verdict and judgment for plaintiff and defendant has appealed.

Errors assigned raised the one question of the trial court's refusal to take the case from the jury or to enter judgment for defendant n. o. v. Despite the very able argument for appellant, a careful examination of the record discloses a case for the jury. In view of the verdict we must consider every fact and inference properly deducible therefrom in the light most favorable to plaintiff: Bowser v. Citizens L., H. & Power Co., 267 Pa. 483; Smith v. Standard Steel Car Co., 262 Pa. 550. The ship's prow faced the west with its right or starboard side adjoining the dock, on the edge of which stood the derrick, consisting of a pole, some thirty feet high, supported by three guy wires or cables, one extending east, one west and one north over the shed of the dock. Each cable was about seven-eighths of an inch in diameter and composed of six wires, which prevented the pole from falling east, south or west, while a double rope, passing through a pulley and attached to the opposite side of the ship, kept the pole from falling to the north. By means of the pulley the guy rope could be shortened or lengthened to accommodate the listing or swaying of the ship. The cables were normally much

stronger than the guy rope, so if a lurch of the ship should break either it would be the latter, rather than the cable, and the pole would fall back a few feet against the shed, which would be harmless and where it usually rested when not in use.   The derrick was used in the removal of sugar, the weight of which rested on the pole and normally placed but slight strain on the guy wires. Kindell was employed by the Munson Company as a checker, whose duty it was to be on the deck and keep an account of the bags of sugar, etc., as unloaded.  While so engaged on the day above mentioned, a sudden movement of the ship caused the guy wire, extending northerly over the shed, to break and let the pole fall upon him.   An examination showed this wire or cable was so rusted and decayed as to possess but about 15 per cent of its full strength, a defect a slight inspection would have disclosed, and that it must have been in such condition for months, which it was appellant's duty to know.   Defendant had full charge of unloading the ship and it should have maintained the place in a reasonably safe condition so as not to expose Kindell, or others lawfully there, to unnecessary danger.

The defective condition of the cable was not seriously controverted, but defendant very earnestly contended that its breaking resulted from such a sudden and extraordinary listing of the ship as could not be anticipated or guarded against.   Some of defendant's witnesses seemed to support that contention; however, their credibility was for the jury.   One or two of plaintiff's witnesses said, in effect, it was but little worse than they had seen other ships list, and there are circumstances which tend to discredit the contention of extraordinary listing. Neither the ship nor its cargo was disturbed, no one else was thrown or hurt, and none of the three other derricks was disturbed or any other rope or cable broken, while no satisfactory explanation was given for the alleged extraordinary lurch.   There was no storm, the river was calm and what caused it did not appear; a possible ex-

planation was disturbance of the water by passage of some large ship in the river, another was the absence of swash boards from the water ballast compartment of the Paloma. In any event, the lurch was not caused by an act of the defendant. The facts as to the lurch were not so clear that the court could declare them, while the verdict of the jury, under the charge of the court, implies a finding that the listing in question was not an extraordinary occurrence. Where a question depends upon oral evidence (as did the character of the listing) it is for the jury to pass upon its credibility (Sorensen v. Quaker City Poster Advertising Co., 284 Pa. 209; Bank v. Donaldson, 6 Pa. 179; Colonial Trust Co. v. Getz, 28 Pa. Superior Ct. 619), the remedy for a perverse verdict being a new trial. Again, treating the listing as extraordinary, the rope and not the cable would have parted had the latter been sound, in which event the pole would have fallen back against the shed over the dock and no harm would have resulted. So the unsound cable at least contributed to the injury, hence, its defect was either the sole or a concurring cause of the accident; in either event defendant would be liable. He whose negligence joins with the act of God in producing injury is liable therefor: Helbling v. Cemetery Co., 201 Pa. 171; Balt. & Ohio Railroad Co. v. Sulphur Springs School District, 96 Pa. 65; Livezey v. Phila., 64 Pa. 106; Lehigh Bridge Co. v. Lehigh Coal and Navigation Co., 4 Rawle 8; Taylor v. Canton Township, 30 Pa. Superior Ct. 305. It cannot be declared here that the result would have been the same aside from defendant's negligence.

Kindell was not in defendant's employ and had no duty of inspection, therefore, the trial judge properly charged there was no evidence of contributory negligence; certainly none that could be declared as matter of law.

As stated above we have considered the case on the evidence favorable to plaintiff and assumed as facts

what could be properly deduced therefrom. So considered, the authorities cited by appellant are not controlling and it would serve no useful purpose to more fully discuss the evidence favorable to defendant.

The judgment is affirmed.