## Dunkle v. County of Perry

*Harry B. Crytzer*, for plaintiff.
*S. E. Troutman*, county solicitor, for defendant.

UTTLEY, P. J., fifty-eighth judicial district, specially presiding, April 5, 1941. — The parties above named, through their counsel, have submitted to us the above case stated, wherein George W. Dunkle, plaintiff, claims of the County of Perry, defendant, the sum of $364.80, for expenses incurred and paid by him, as sealer of weights and

measures, duly appointed by the Commissioners of Perry County, from April 1, 1938, the beginning of his period of service, until January 2, 1940, when his appointment was revoked and his successor chosen.

While there appears to be no dispute that plaintiff incurred and paid expenses in the performance of his duties, as Sealer of Weights and Measures of Perry County, during the period above named, counsel for defendant nevertheless contends that, under the terms of his appointment and the written agreement between himself and the Commissioners of Perry County, and because of his failure to present bills for his expenses properly itemized and sworn to, as required by the act of assembly under which he was appointed, plaintiff is not entitled to recover in this case.

The Commissioners of Perry County, by resolution adopted March 10, 1938, a copy of which is attached to and made a part of the case stated, appointed George W. Dunkle, plaintiff, Sealer of Weights and Measures for the County of Perry at the salary of $1,000 per year to date from April 1, 1938.

The written agreement, dated April 11, 1938, signed by the County Commissioners of Perry County and George W. Dunkle, plaintiff, a copy of which is attached to and made part of the case stated, provides as follows:

"That in consideration of the appointment of the said George Dunkle by the County Commissioners of Perry County as Inspector of Weights and Measures in and for the County of Perry, the said George Dunkle agrees to perform all the duties of said office, as required by law, at and for the salary of One Thousand ($1,000) dollars per annum, which said sum shall include all expenses, personal or otherwise, incident to the performance of the duties of the said office, except that the said County of Perry shall pay or reimburse the said George Dunkle for all weights &c., which he will be required to purchase for the actual and proper discharge of the duties as Inspector of Weights and Measures. This agreement to be effective

from the first day of April 1938 to the first day of January 1940."

The inspector of weights and measures is a public officer, whose office is created, appointment regulated, and compensation fixed by the Act of May 11, 1911, P. L. 275, sec. 1, as amended by the Act of July 19, 1917, P. L. 1102, sec. 1, 76 PS §201, which reads in part as follows:

"The mayors of cities of the second and third class, and the several boards of county commissioners, shall, respectively, appoint one or more competent persons as inspectors of weights and measures, in the respective county or city, whose salary shall not be less than one thousand dollars per annum, to be paid out of the respective revenues of such county or city: Provided, however, That the payment of a minimum salary shall not apply to counties having a population of fifteen thousand or less. In addition to the salary provided by law, the said county and city inspectors shall be entitled to receive the actual expenses incurred by them personally in performing the duties of their office; such as transportation, hotel, livery, telephone, telegraph, and postal charges, to be paid by the boards of county commissioners of their respective counties and by the proper officers of their respective cities, in such proportion as may be agreed upon by said boards of county commissioners and proper officers of cities, on bills itemized and properly sworn to. . . ."

It has been repeatedly held that the amount fixed by statute to be paid to a public officer, for services to be rendered by him in connection with his office, cannot be increased or diminished by a special contract between the parties. All such contracts are against public policy and void: City of Wilkes-Barre v. Rockafellow et al., 171 Pa. 177, 192; Werner v. Hillman Coal & Coke Co. et al., 300 Pa. 256.

The promise by a candidate for the office of city treasurer to pay interest, on the balances of his general account of the city funds that may come into his hands, as the price of his election to the office, has no valid consid-

eration to support it, and his sureties are not liable for such interest on money remaining in his hands as treasurer, although he may have charged himself with it in his official account: City of Wilkes-Barre v. Rockafellow et al., supra. So, also, where the councils of a city of the second class, in pursuance of the authority exclusively given to them, fix the compensation of the tax collector at a percentum on his collections, the mayor has no power to require the person he proposes to appoint collector to enter into a written contract binding himself to accept for his services a fixed sum instead of a percentum on the collections as allowed by the ordinance, thereby reducing his compensation very much below that which he otherwise would be entitled to; such a contract, whether it is executory or executed, is contrary to the settled policy of the law as indicated in the constitutional provision which prohibits a public officer from contributing or paying any money or other valuable thing to secure his appointment, is absolutely without any effect whatever, and cannot be enforced: Pittsburg v. Goshorn, 230 Pa. 212; Shields v. Latrobe-Connellsville Coal & Coke Co., 239 Pa. 233.

The cases cited by counsel for defendant are all those where the public officer voluntarily in times of public distress donated a part of his salary to the relief of the city or municipality. There were no written contracts in those cases, as in the case at bar, whereby the public officer in consideration of his appointment agreed to accept a reduced salary for his services during the term of his office. In Schwarz v. City of Philadelphia, 134 Pa. Superior Ct. 544, Judge Keller, in reviewing the cases cited by counsel for defendant, recognized this distinction when he said: "No contract relative to the execution or continuance of such a gift or donation can be enforced. It must be wholly voluntary."

The expenses of the office of sealer of weights and measures are definitely a part of the compensation fixed by the statute and plaintiff's agreement to perform the duties of his office for the annual salary of $1,000, including all

expenses personal and otherwise incident to his office, was a contract to pay said expenses out of his salary and thereby accept compensation less than that fixed by law. This is the very kind of a contract which the Supreme Court of Pennsylvania in City of Wilkes-Barre v. Rockafellow et al., Pittsburg v. Goshorn, and Werner v. Hillman Coal & Coke Co. et al., supra, has held to be against public policy, and therefore unenforcible and void.

If, therefore, defendant relied entirely upon the terms of plaintiff's appointment and his written agreement to perform the duties of his office for the annual salary of $1,000, including his expenses, judgment would have to be entered in favor of plaintiff.

Counsel for defendant, however, also contends that plaintiff did not render itemized bills for his expenses, properly sworn to, as required by the act of assembly above cited. The failure of plaintiff to render bills periodically during his term of office, in our opinion, is not alone sufficient, under the circumstances of this case, to defeat his claim. The one bill for all expenses incurred by plaintiff, during his term of service, presented by him to the county commissioners after his appointment had been revoked and his term of office had expired would, however, have to be itemized and properly sworn to, as required by the act of assembly under which he was appointed. There is nothing in the bill attached to the case stated to show the date when or the purposes for which the expenses therein mentioned were incurred. The bill gives only the amount of expenses incurred or paid each month, with the total for each year. This is not an itemized bill within the meaning of the section of the act of assembly above quoted and the bill is not sworn to as required by the act. This court has no authority to go outside of the record for any information and must decide this matter solely on the facts set forth in the case stated. Where a case stated is silent upon a matter it is excluded from consideration and whatever is not distinctly and expressly agreed upon and set forth as admitted or does

not appear in a case stated is presumed, so far as the court is concerned, not to exist: Lawrence County v. Horner, 281 Pa. 336, 341; Richardson v. First Brethren Church, 314 Pa. 423, 425. Therefore, in determining whether plaintiff's bill for expenses, as Sealer of Weights and Measures of Perry County, complies with the requirements of the act of assembly above cited, we are confined to the bill attached to and made part of the case stated. In Susquehanna County Auditors' Report, 118 Pa. Superior Ct. 47, it was directly held that bills for expenses incurred by inspectors of weights and measures in performing the duties of their office must be itemized and properly sworn to, and bills calling for lump payments of unitemized expenses are improperly allowed by the county commissioners. The Superior Court in its opinion in the above case said:

"The other items in the inspector's monthly bills are in a different situation. They were not itemized as required by law, but called for lump payments—for example, 'meals, lodging, etc., 15.75'; 'supplies, etc., 8.50'; without day or date, or other detail. She never gave the commissioners a properly itemized statement of her expenses. A bill including a lump charge for 'meals, lodging, etc.,' is not itemized as required by the statute. The notes or memoranda from which they were made, she testified, have been destroyed. In so far as they cannot be supplied from outside credible sources, such as hotel bills, merchants' accounts, telegraph and telephone records, etc., they cannot be sustained. It is unfortunate that the commissioners should personally have to make good the payments thus improperly authorized, but we see no escape from it. Public officers should be held to a strict and rigid accountability, (Godshalk v. Northampton County, 71 Pa. 324, 329), and payments made by them from public funds, for bills and expenses which the law directs to be itemized, cannot be allowed unless they are itemized and authenticated in such way as to permit check and verification."

If the county commissioners could be surcharged with the amounts paid for the expenses of the sealer of weights and measures upon the bills in the above-cited case, which were more specifically itemized than the bill of plaintiff, for his expenses, attached to the case stated, we are unable to see how plaintiff can recover in this case.

For the reasons above given judgment will have to be entered in the within case in favor of defendant.

*Decree*

Now, April 5, 1941, after argument and upon due consideration, for the reasons given in the foregoing opinion, judgment is hereby entered, in the above case stated, in favor of the County of Perry, defendant, the costs to follow the judgment. To this opinion and decree Harry B. Crytzer, attorney for plaintiff, excepts and a bill of exceptions is sealed for plaintiff.