Smith, Admx., et al., Appellants, *v.* Snowden Township, Appellant.

Argued September 29, 1943. Before MAXEY, C. J., LINN, STERN, PATTERSON and STEARNE, JJ.

*J. Roy Dickie,* with him *H. A. Robinson,* of *Dickie, Robinson & McCamey,* and *S. M. Goldman,* for appellant, Nos. 170 and 171, appellee, Nos. 178 and 179.

*Morris M. Berger,* with him *Harry Shapera,* for appellants, Nos. 178 and 179, appellees, Nos. 170 and 171.

OPINION BY MR. JUSTICE LINN, November 22, 1943:

The defendant appeals at numbers 170 and 171 from the refusal of its motions for judgment n.o.v. The plaintiffs appeal at numbers 178 and 179 and complain that new trials were granted.

The suit was begun by John Smith, a minor, by his father, John Smith, and by John Smith and Barbara Smith, his wife, the minor's parents, for damages resulting from injury to the minor alleged to have been caused

by the negligence of the defendant township. The minor died before trial and his mother, Barbara Smith, was substituted. The jury found for the plaintiff, Barbara Smith, as administratrix of the minor's estate, in the sum of $2,353.60, and in favor of the parent plaintiffs in the sum of $10,000.00. Defendant moved for judgment n.o.v. in both cases and, in the case of the parents, for a new trial on the ground that the verdict was excessive; this motion for a new trial was granted. The court of its own motion then granted a new trial in the case of the administratrix on the ground that the verdict was inadequate. As defendant had presented a written point for binding instructions and, subsequently, motions for judgment n.o.v. based on the refusal to affirm the point for charge, defendant is entitled to a review of the whole record: *Fornelli v. Penna. R. R.*, 309 Pa. 365, 164 A. 54.

Defendant is a township of the second class. The minor, aged nineteen, was employed as a member of a WPA gang working on township roads. At the trial, the parties stipulated that the WPA was an independent contractor. The township furnished its truck which was used by the contractor about 16 days a month and by the township the rest of the time; it was kept in the township garage, and the township had agreed to keep it in repair. The truck was used, inter alia, to haul workmen to and from jobs. In that capacity the minor, with other employes, was on the truck as it approached a descending grade to cross a ditch or gully; before descending, the driver stopped at or about the top of the slope, and directed the men to get off the truck. While the minor was alighting, the brakes failed, the truck started and injured him. There is evidence that the brakes had been out of order for a number of months. As the truck was used during that time by the township, as well as by the contractor and was kept in the township garage, the evidence supports a finding of the township's knowledge of the defect. Furnishing the defec-

tive truck, resulting in plaintiff's injury, was a breach of duty.[1]

In addition to this evidence just referred to, which we consider sufficient proof of the defendant's knowledge of the defect in the truck, the driver testified that he complained about the defective brakes to J. R. Porter, who acted as foreman for the contractor and who, at the same time, was a township supervisor.

Appellant presents three contentions: first, that it was error to receive the evidence of the driver's notice to Porter on the ground that it was not knowledge "received or acquired in the transaction in which the agent was employed"[2] and therefore not relevant to fix the township with knowledge. Second, as the truck was "used by the defendant township for general maintenance road work there could be no liability on the township since the construction, maintenance and repair of highways is a governmental function. . . ."[3] Third, that amendment to the statement of claim was allowed after the statute of limitations had run.

The first and second propositions may be considered together. A second class township elects three supervisors. "The general supervision of road affairs in every township" is imposed on the supervisors; the statute requires the township to keep its roads in repair: Act of May 1, 1933, P.L. 103, Art V, sections 510, 516, 53 PS sections 19093-510 and 516. For breach of that statutory duty, the township is responsible in damages: *Dean v. New Milford Township*, 5 W. & S. 545; *Kriebel v. Worcester Twp.*, 253 Pa. 452, 98 A. 686; *Mostoller v. Somerset Twp.*, 67 Pa. Superior Ct. 400. As the duty is

---

[1] Compare *Trusty v. Patterson*, 299 Pa. 469, 149 A. 717; *Delair v. McAdoo*, 324 Pa. 392, 188 A. 181; *Scheer v. Melville*, 279 Pa. 401, 123 A. 853; *Kindell v. Franklin Sugar Refining Co.*, 286 Pa. 359, 133 A. 566; Restatement, Torts, section 307.

[2] See *Houseman v. Girard Mut. B. & L. Ass'n*, 81 Pa. 256.

[3] See *Scibilia v. Philadelphia*, 279 Pa. 549, 124 A. 273.

imposed by statute and the cases [4] uniformly hold the municipality liable in damages for injury resulting from failure to perform the duty, the common law doctrine of municipal immunity from tort liability has no application for, of course, the legislature may change the common law.

Of the admission of the notice to the supervisor, Porter, it may be said that, while on the record now before us, this additional evidence was not necessary to support a finding of knowledge on the part of the township, we now pass on the assignment so that, if the evidence is offered in another trial, our view on the subject may be known. The supervisors are authorized to make contracts for the repair of roads and may themselves work on the roads. Act of May 1, 1933, P.L. 103, Art. V, section 517, 53 PS section 19093-517. Appellant's contention comes to this: that Porter, one of the three supervisors, by acting as the contractor's foreman, divested himself, for the time, of responsibility to perform the duties of the township office to which he was elected. We must reject that contention. During the entire term of his office, Mr. Porter was charged with the statutory duty to keep the roads in repair; his office required him to familiarize himself with the condition of the roads and the equipment maintained for the performance of his public duties. The township was entitled to the benefit of whatever knowledge on this subject he acquired during the term. *Platz v. McKean Twp.,* 178 Pa. 601, 610, 36 A. 136; *Canfield v. East Stroudsburg Borough,* 19 Pa. Superior Ct. 649, 652. The law will not permit him to divest himself of the part of his public duty and responsibility in question, and assume an agency inconsistent with the performance of the duties which he was

[4] *Dean v. New Milford Twp.,* 5 W. & S. 545; *Kriebel v. Worcester Twp.,* 253 Pa. 452, 98 A. 686; compare *Scibilia v. Phila.,* 279 Pa. 549, 555, 124 A. 273; *Szilagyi v. Bethlehem,* 312 Pa. 260, 261, 167 A. 782; *Steele v. McKeesport,* 298 Pa. 116, 119, 148 A. 53; *Balashaitis v. Lackawanna Co.,* 296 Pa. 83, 85, 145 A. 691.

elected to perform. Such action is against public policy. Compare *Goodyear v. Brown,* 155 Pa. 514, 26 A. 665; *Shields v. Latrobe, etc.,* 239 Pa. 233, 86 A. 784; *Com. ex rel. McCreary v. Major,* 343 Pa. 355, 22 A. 2d 686. The mere fact the truck driver informed the supervisor of the defective brakes at a time when the gang was engaged on the public roads was therefore immaterial. The evidence was admissible. He was not an agent in the sense in which that word is used in the rule relied on by appellant.

Appellant also complains that an amendment to the statement of claim was allowed which, appellant contends, set forth a new cause of action after the statute of limitations had run. We have considered this contention in the light of the arguments presented but are satisfied that the amplification of the averment of the use of the defective brake was consistent with the rule providing for amendments to pleadings.

At numbers 178 and 179, the plaintiffs complain of the granting of new trials. As the verdict for the death of their minor son was larger than the verdict for the administratrix, these appellants base their appeals on the conjecture that the jury did not intend to make the awards actually made to the court and recorded as the verdict,[5] but, that the jury reversed the amounts which they had intended to award. We have no means of knowing whether that is the fact or not. The jury had agreed on a sealed verdict which was presented to the court next morning; it was received and recorded and the jury

---

[5] The verdict slip brought in was as follows: "And now, to wit: June 5, 1942, we, the Jurors empanelled in the above entitled case, find the verdict in favor of the Plaintiff Barbara Smith, Administratrix of the Estate of John R. Smith, deceased, to the amount of $2,353.60. And John Smith and Barbara Smith his wife, in their own rights to the amount of ($10,000.00) Ten Thousand Dollars.

"MRS. ANNIE GRAHAM,
"Foreman."

After the verdict was recorded, this memorandum was not part of the record: *Havranek v. Pittsburgh,* 344 Pa. 375, 378, 25 A.2d 703.

was discharged. If, before the verdict was recorded, the learned judge had satisfied himself by inquiry of the jury, that a mistake had been made as appellants suggest, he could have sent out the jury to agree on what was intended.[6] Later, for the purposes of these appeals, he certified that he did not do that because he thought the overnight separation of the jury deprived him of the power of dealing with it; in this he was mistaken.[7] But the fact that he took an erroneous view of his discretionary power does not enable us to adopt plaintiffs' conjecture as a fact in the case, and on the basis of that fact, direct that the judgment in the parents' case should be the smaller of the two amounts and the judgment for the administratrix the larger amount which defendant contends was grossly excessive. Trial by jury does not permit that. The cases in which the court, before discharging the jury, corrected the jurys' failure to calculate interest on a sum certain in assumpsit (*Wolfran v. Eyster,* 7 Watts 38) or to fix the amount in replevin (*Smith v. Meldren,* 107 Pa. 348; *Cohn v. Scheuer,* 115 Pa. 178, 8 A. 421) or on the trial of a scire facias sur municipal lien (*Pepper v. City of Phila.,* 114 Pa. 96, 6 A. 899) are not helpful because in those cases the record permitted the correction on established facts without harm to the losing party. Here all elements of certainty are lacking and for that reason new trials are necessary.

In each of the four appeals the order appealed from is affirmed.

---

[6] Compare *Columbia Glass Co. v. Atlantic Glass Co.,* 43 Pa. Superior Ct. 367; *Kramer v. Kister,* 187 Pa. 227, 233, 40 A. 1008; *Snaman v. Donahoe's Incorporated,* 307 Pa. 282, 161 A. 68.

[7] *Reitenbaugh v. Ludwick,* 31 Pa. 131; *Kramer v. Kister,* 187 Pa. 227, 234, 40 A. 1008.